GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
HOWARD N. HENNING.

Decided April 29, 1897.

1. Continuance—Diligence.

An application for continuance to procure testimony made material by the answers of a witness to the applicant's cross interrogatories, should show due diligence to procure the testimony after the deposition containing such answers had been returned, and such diligence is not excused by the mere statement that the deposition had been, from the time it was filed, in the possession of the opposite counsel. (Pp. 658, 659.)

2. Same—Presumption.

In the absence of a contrary showing it will be presumed, in support of the action of the trial court in overruling an application for continuance, that the deposition had been filed for a sufficient length of time to have enabled defendant, by the use of proper diligence, to have inspected same and procured the controverting testimony, for the absence of which the continuance was sought. (P. 659.)

3. Same—Bill of Exceptions.

A statement appended to a bill of exceptions by the trial judge held not to indicate that his action in refusing a continuance was based solely upon the facts stated. (P. 659.)

4. Evidence Opinion.

A qualified witness may state what is the proper and general rule for an engineer with regard to awaiting signals from a brakeman engaged in coupling cars before putting them in motion. (Affirming Railway v. Henning, — S. W. Rep.) (P. 659.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Henning recovered judgment in the trial court for personal injuries caused by the negligence of his employee, the railway company, from which the latter appealed, and upon affirmance of the judgment of the Court of Civil Appeals, procured writ of error.

*Upson, Bergstrom & Newton,* for plaintiff in error.—The court erred in overruling the defendant's application for a continuance, because it appears from said application and from the record in this case that the testimony of the witnesses set out in said application was material for the purpose of contradicting the testimony of the witness Hillan as to the general reputation of the engineer, West Daniels, and for the purpose of disproving his general reputation as a careless and reckless engineer. Rev. Stats., 1895, art. 1278; Dillingham v. Ellis, 86 Texas, 447; City of Corsicana v. Kerr, 75 Texas, 207; Prewitt v. Everett, 10 Texas, 283; Barth v. Jester, 3 App. Civ. Cases (W. & W.), sec. 222; Railway v. Sebastian, 3 App. Civ. Cases (W. & W.), sec. 393.

The court erred in the seventh subdivision of its charge in instructing the jury to find for plaintiff if plaintiff was injured, as alleged, by reason of the negligence of West Daniels, backing the car upon him without receiving or giving a proper signal before the engine was moved,—without instructing the jury as to what constituted a proper signal. Wootters v. Kauffmann, 67 Texas, 488; Railway v. Scott, 64 Texas, 549; Kidwell v.

Carson, 3 Texas Civ. App., 327; Henry v. Sansom, 2 Texas Civ. App., 150.

The court erred in permitting plaintiff to propound to the witness, P. J. Carey, the following interrogatories: "If a brakeman is between the cars for the purpose of effecting a coupling, and the engineer knows it, what is the proper and general rule in regard to signals before the engineer brings the cars together? Under such circumstances, from whom should the engineer receive the signals before he brings the cars together?" Because the same calls for the mere opinion and not for any rule of the defendant company; and the court erred in permitting the said witness to answer the said interrogatory over defendant's objection, as follows: "If a brakeman goes between the cars to make a coupling, and the engineer knows he is between the cars, the proper and safe rule is for the engineer to await a signal from the man who went between the cars before he brings the cars together," because the same is the opinion of the witness, not referring to any rule of the defendant company, wholly immaterial, irrelevant, and secondary evidence.

The court erred in permitting plaintiff to propound to the witness P. J. Carey the following interrogatories: "When an engineer moves his locomotive for the purpose of bringing his cars together to effect a coupling, what kind of a signal should he give before moving the locomotive? Under such circumstances, what is the general and proper rule in regard to ringing the bell of the locomotive?" Because the same calls for the mere opinion of the witness, and not for any rule or signal required by any rule of the defendant company; and in permitting him to answer as follows: "An engineer should never move his engine without ringing the bell, when the cars are being run together to be coupled, before the engine is moved. The bell should always sound the warning before the engine is moved," because the same is the mere opinion and conclusion of the witness, and not the statement of any rule of defendant company as to the giving of a signal or ringing of the bell of a locomotive before moving the same, is wholly irrelevant, immaterial and secondary, and not responsive to the question. Railway v. Wallace, 76 Texas, 636; Pilkinton v. Railway, 70 Texas, 226; Railway v. Bell, 5 Texas Civ. App., 29.

*H. C. Carter* and *Perry J. Lewis,* for defendant in error.—The court did not err in overruling defendant's second application for continuance, because the said application does not show that defendant used due diligence to procure the absent testimony. Baldessore v. Stephanes, 27 Texas, 455; Lewis v. Williams, 15 Texas, 47; Pulliam v. Webb, 26 Texas, 95; Railway v. Hardin, 62 Texas, 367; Little v. State, 75 Texas, 620; Land Co. v. Chisholm, 71 Texas, 525; Railway v. Ragsdale, 67 Texas, 25; Railway v. Wheat, 68 Texas, 137.

The court did not err in overruling defendant's second application for continuance, because the said application does not show the materiality of the absent testimony. Green v. Crow, 17 Texas, 180; Railway v. Horne, 69 Texas, 647.

The court correctly submitted to the jury the issue whether defendant's

engineer moved the engine without receiving or giving the proper signal for starting it into motion, and whether such starting, under all the circumstances, was negligent. This charge conformed to the issues made by the pleadings and the evidence, and if defendant desired a more specific charge, defining what would be a proper signal, it was its duty to request it. Railway v. Arispe, 81 Texas, 519; Cockrill v. Cox, 65 Texas, 675; Railway v. Gay, 86 Texas, 609.

It is perfectly competent to prove by a qualified witness the duties of an engineer, and what is the usual, safe and prudent course in handling and moving an engine; and if the company has written rules governing such matters upon which it relies, it should produce them. Railway v. Croskill, 6 Texas Civ. App., 166; Railway v. Harriett, 80 Texas, 81; Railway v. Johnston, 78 Texas, 540; Lawson, Expert Ev., Rule 3, p. 86; Am. and Eng. Encycl. Law, vol. 7, p. 509.

Appellant cannot complain of the testimony of the witness Carey, because the witness Hillan and other witnesses testified to the same facts without objection from defendant. Railway v. John, 29 S. W. Rep., 558; Lutcher v. Morrison, 14 S. W. Rep., 1010; Patten v. Belo, 14 S. W. Rep., 1037.

The admission of the testimony of Carey as complained of is harmless to the appellant, because the court instructed the jury that plaintiff and the engineer were fellow servants, and appellant cannot complain of the action of the court in overruling its objection to Carey's deposition, because the objection was not acted upon during the first term of court after the deposition was filed. Acts 23d Leg., (1893) p. 5.

DENMAN, ASSOCIATE JUSTICE.—Henning sued the Galveston, Harrisburg and San Antonio Railway Company to recover damages for personal injuries claimed to have been inflicted upon him by the negligence of the engineer of the crew to which he belonged, alleging that such engineer was a careless and reckless person. In order to establish this fact plaintiff propounded interrogatories to J. M. Hillian for the purpose of eleciting his answers to the effect that such was the engineer's general reputation, and defendant propounded cross interrogatories with the view of learning the names of the persons whom the witness had heard speak of the engineer as such a person. In response to the direct interrogatories the witness testified that the engineer's general reputation was that of a careless and reckless person, and to the cross interrogatories he answered, giving the names of various persons whom he had heard so speak of him. It does not appear from the record when these interrogatories were filed nor when the depositions were taken or returned. The suit was filed prior to December 11, 1895, at which date an amended petition was filed, was subsequently continued on application of defendant, and when finally called for trial on the 14th day of May, 1896, defendant filed its application for a continuance to procure the testimony of the persons named by Hillian, to the effect that they had not so spoken to him. The application states that "said depositions were in the posses-

sion of counsel for plaintiff from the time they were filed until the afternoon of May 5, 1896, when they were delivered to counsel for defendant." Assuming that defendant used every means within its power to secure the testimony, from the time the depositions were thus delivered, on the 5th, until the case was called for trial on the 14th day of May, and that the application shows that fact, still we think it does not show due diligence to secure same prior to May 5. In order to have shown such diligence it should have been made to appear that defendant did not know and by the use of reasonable diligence could not have known of the answers to the cross interrogatories in time to have secured the testimony of the persons named therein. Having filed the cross interrogatories for the purpose of contradicting Hillian by the production of such persons as he might name in response thereto, it should have shown that it used the proper effort under the circumstances, such as inquiry of the clerk or adverse counsel, to ascertain whether the depositions had been taken. The trial court, in ruling on the application, had the depositions before it, evidencing when they were returned, and in the absence of a contrary showing we must presume in support of his ruling that they had been filed for a sufficient length of time to have enabled defendant, by the use of proper diligence, to have inspected same and to have procured the testimony the absence of which was made the basis of the application for continuance. The trial judge appended the following explanation to the bill of exceptions taken to his action in overruling the application: "The application for a continuance was the defendant's second, it having had a continuance at a former term of this court. The cause was originally set down for trial on April 16th and had been passed several times during the term to suit the convenience of counsel, and was finally set down for trial on the day that this motion was offered." This does not indicate that his ruling was not based upon the fact that defendant's application did not show diligence, but merely states circumstances pertinent to such issue. The circumstances stated by the court as to the continuing, setting, and postponing of the case would indicate that defendant should have looked after the depositions before May 5th if it wished to secure other testimony based thereon. We think the application clearly failed to show such diligence as would have authorized the granting of a second continuance and that the application was properly overruled.

Having granted the application for writ of error mainly upon the impression that the application for a continuance was improperly overruled and believing upon examination of the record that the other assignments are not well taken the judgment will be affirmed.

*Affirmed.*