TEXAS PORTLAND CEMENT AND LIME COMPANY v. PEARL LEE ET AL.

Decided June 25, 1904.

**1.—Charge—Special, Properly Refused, When.**

Where the charge on a given issue was general in its terms but correct as far as it went, and a special requested charge which grouped the facts was of itself incorrect, the refusal to give such special charge was not reversible error.

**2.—Same—Assuming Contributory Negligence as Proximate Cause of Injury.**

In an action for negligently causing the death of an employe, the court properly refused a requested charge to find for defendant if the jury believed that deceased saw the car approaching, and that under such circumstances an ordinarily prudent person would not have gone in front of it, because this made such negligence as matter of law the proximate cause of the injury.

**3.—Same—Failure to Specify Obvious Danger as a Risk Assumed.**

Where in such action the evidence showed indisputably that the danger arose from the presence of a hole in an elevated railroad track which, if left open, was so inherently dangerous and the danger so obviously apparent that ordinary minds could not differ about it, and also that if the deceased knew of the hole and that it was uncovered, the danger was known to him, a charge restricting assumed risks to danger resulting from the defendant company's negligence within the knowledge of the deceased in connection with a charge that no recovery could be had if deceased knew of the hole and knew that at the time of the injury the hole was uncovered, did not present reversible error because it failed to state that deceased assumed the risk of the danger if it was obvious and open.

**4.—Action for Death—Parents' Right of Recovery.**

The parents of a married man are not entitled to recover for his death unless they show that they suffered pecuniary loss thereby. Evidence considered and held not to show that parents had a reasonable expectation of further pecuniary aid from their son.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Etheridge & Baker,* for appellant.

*Cockrell & Gray* and *Scott & Hildebrand,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—Appellees, Pearl Lee, widow of A. G. Lee, deceased, and J. G. Lee and his wife, Mary Lee, parents of said A. G. Lee, instituted this suit in the District Court of the Forty-fourth Judicial District to recover of appellant damages for the death of A. G. Lee, alleged to have been occasioned by its negligence. Appellant pleaded the general issue, assumed risk and contributory negligence. A jury trial resulted in a verdict and judgment in favor of appellees for $3500, apportioned as follows: $2500 to Pearl Lee and $500 each to the other appellees. From this judgment appellant has perfected an appeal.

The deceased, A. G. Lee, was an employe of appellant, and received injuries by falling through a hole which had been cut in the ties of one of its elevated tramways or railroad tracks, from which he died. The track through which he fell was a switch track, and elevated about seven or eight feet above the ground. Just prior to the accident the deceased and two or three other employes were seated upon the roof of a shed, ex-

tending to about the edge of the main track used for conveying stone to the crusher, and about three feet above the level of said track. A car loaded with stone, and for which deceased and the other employes were waiting, was coming up the track. To avoid the approaching car deceased and another of said employes stepped across the main track onto the switch track, which was separated from the main track by about three or four feet, and fell through the hole. This hole was about three feet long and about two feet wide, and was made by sawing out pieces of the cross-ties. The accident occurred before daylight in the morning, and there was not sufficient light at the time to see the hole without very close observation. Deceased's duties, at the time he was injured, were to unload lime rock from the cars into the crusher, and the crusher was about eighteen feet beyond the hole through which he fell. This hole was used for dumping rock through when there were more carloads run in than the crusher could handle, and there was evidence that the deceased knew, at the time he was injured, that the hole was there. The hole through which deceased fell was generally covered when not in use, but on the occasion of deceased's injury was not covered.

Appellant's first assignment of error complains of the court's refusal to give the following requested instruction: "At the request of the defendant you are instructed that if, from the evidence, you believe that the deceased, A. G. Lee, was seated upon a shed or roof, and that he observed the loaded car moving and approaching the place where he was seated, and that under such circumstances an ordinarily prudent person would not have gotten down from said roof or shed and gone in front of said moving car, then you will return your verdict for the defendant."

We think there was no error in refusing to give this charge. The court in its main charge instructed the jury upon the question of contributory negligence as follows: "It is the duty of said A. G. Lee to have exercised such care for his own safety as a person of ordinary prudence would have exercised under like circumstances, and if he failed so to do, he was guilty of negligence." In another paragraph of the charge the jury was told that if A. G. Lee, the deceased, was himself guilty of negligence which contributed to cause the injury resulting in his death, then defendant was entitled to a verdict. They were also charged, at the request of defendant, that whilst the burden of proving contributory negligence devolved upon the defendant, yet if it should appear from the evidence adduced by the plaintiffs that the deceased was not in the exercise of ordinary care, they would return a verdict for the defendant. This charge, it is true, is couched in general terms, but at least is good so far as it went.

Appellant's contention is that it was entitled to have the facts stated in the foregoing special charge grouped as they were and the issue of contributory negligence thus presented submitted to the jury. The proposition, generally speaking, is correct. But if the court has imperfectly submitted the issue as here contended, and the special charge

requested, grouping the facts, is of itself incorrect and refused, no reversible error is shown. It is believed the present case presents an instance of this character. It will be noted that the special charge in question in effect tells the jury that if deceased observed the car approaching where he was seated on the shed, and was guilty of negligence in going across the track in front of it, then as a matter of law such negligence was the proximate cause of his injury and death. It occurs to us that it was peculiarly a question for the jury to determine whether or not deceased's act in leaving his seat and crossing the track in front of the approaching car proximately contributed to his injury and death; and the charge requested was erroneous in assuming that it did so contribute, and was properly refused.

Complaint is urged to the following paragraph of the court's charge: "When the said A. G. Lee accepted employment from the defendant he thereby assumed the risks of all dangers ordinarily incident to the business for which he was so employed, except such dangers as might result from the negligence of the defendant, and he also assumed the risk of any danger resulting from the negligence on the part of the defendant, if he knew of the existence of such danger." The ground of complaint is, that the court by the foregoing charge limited the risk of dangers assumed by the deceased, Lee, to such dangers as were known to him, while the rule is that he assumed the risk of any danger resulting from the negligence on the part of defendant, if he knew of such danger, or if the same was open and obvious. There is some plausibility in the criticism made upon the charge standing alone, yet it is difficult to conceive how the jury could have been misled thereby to the prejudice of appellant. As has been shown, the source of danger in question was a sawed hole in the cross-ties of a railroad track elevated about eight feet above the ground. It was, if left open, so inherently and undisputably dangerous by reason of its character and location and the danger therefrom so apparent, that ordinary minds could not differ in regard thereto; and the undisputed evidence established beyond controversy that if the deceased, A. G. Lee, knew of the existence of said hole and that it was uncovered, the danger was a known danger to him, and the charge complained of was applicable to the facts, and further instruction to the effect that deceased assumed the risk of obvious dangers, resulting from the negligence of appellant as distinguished from such as were actually known by him, was not called for by the evidence.

But, if we are mistaken in this view of the matter, then all possible harm that might have resulted to appellant from said charge was averted by the giving, at the request of appellant, of the following instruction, to wit: "You are further instructed that if the deceased, A. G. Lee, knew of the existence of the open hole in question, and if you further believe that on the night of the accident he knew that the same was open and uncovered, then you will return a verdict for the defendant, notwithstanding you may believe that such hole was generally covered when not in use." This charge and the charge complained of, when

taken and construed together, leaves appellant, in our opinion, no just cause for complaint. By the latter charge the jury was instructed that if the deceased knew of the existence of the open hole, and that on the night of the accident he knew the same was open and uncovered, the plaintiffs could not recover. This was in effect telling the jury that in such event the deceased was aware of the danger to which he was exposed by reason of the hole, and being so aware, assumed the risk incident thereto. The jury, however, evidently reached the conclusion that deceased was not guilty of contributory negligence; that the hole through which he fell was left uncovered on the night of the accident and he did not know it; that the leaving of said hole uncovered was negligence on the part of appellant and was the proximate cause of deceased's injury and death. We are of the opinion that the evidence was sufficient to warrant each and all of said conclusions, and also the further conclusion that the appellee, Pearl Lee, sustained damages in the amount found by the jury.

Appellant requested the following instruction, which was refused, and the same is assigned as error: "At the instance of defendant you are instructed to return in any event a verdict in favor of defendant, as against plaintiffs, J. G. and his wife, Mary Lee, for the reason that the evidence fails to show that the said plaintiffs sustained any pecuniary loss by reason of the death of their son, A. G. Lee." We think this charge should have been given. The undisputed evidence shows that the deceased married about six months before his death, was 25 years of age, and after his marriage contributed nothing whatever to the support of his parents, and it does not appear from the evidence that they had any reasonable expectation of receiving any pecuniary benefit from him in the future, had he lived. It was essential for the parents of deceased to show that they had suffered some pecuniary loss by reason of his death in order to authorize a verdict for any amount in their favor. This they failed to do. Railway Co. v. Johnson, 78 Texas, 536; Standard Light and Power Co. v. Munsey, 76 S. W. Rep., 931.

Several assignments of error not discussed, relating to the refusal of the court to give special charges requested, and urging that the verdict of the jury is contrary to the law and the evidence, are presented by the learned counsel for appellant. We have carefully considered them all, but think they fail to point out any reversible error, and they are overruled.

The judgment of the court below will be reversed and remanded, unless plaintiffs will, within ten days, enter a remittitur of the $1000 apportioned to J. G. and Mary Lee, in which event said judgment, less such remittitur, will be affirmed.

## ON MOTION FOR REHEARING.

Appellees have filed a motion for rehearing in this cause, and pray, in the event same is denied, that instead of requiring a remittitur of the

amount apportioned to appellees, J. G. and Mary Lee, we make findings of fact as to deceased's contributions to the support of said appellees, their situation and respective ages, etc., and reverse and render the judgment of the lower court in favor of appellant as to the said J. G. and Mary Lee. This disposition of the case as to the said J. G. and Mary Lee is asked in order that if a writ of error should be granted by the Supreme Court, appellees could have the benefit of a determination of this issue, as well as other issues in the Supreme Court.

We have considered the grounds urged in the motion for a rehearing and conclude none of them are well taken. In deference, however, to the request contained in the motion above mentioned, we find that up to the time of the marriage of the deceased, A. G. Lee, he contributed largely to the support of his father and mother, J. G. and Mary Lee, but after such marriage he contributed nothing to their support; that at the time of the trial of this cause in the court below J. G. Lee was 67 years old and Mary Lee was about 60 years old. J. G. Lee's health was good, but Mary Lee's health was bad, and had been for many years. J. G. Lee was a carpenter by trade, but the amount of property owned by him and his wife is not shown. Nor does it appear from the evidence what income, if any, J. G. and Mary Lee had, or that they needed pecuniary aid from their son.

The judgment, therefore, of this court, rendered on a former day of this term, will be reformed, and the judgment of the court below will be affirmed as to appellee Pearl Lee, and reversed and rendered in favor of appellant as against the said J. G. and Mary Lee, and it is so ordered.

*Affirmed in part; reversed and rendered in part.*

Rehearing had October 8, 1904.

Writ of error refused, 98 Texas, —.