## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. I. K. HOWELL.

Decided February 16, 1910.

### 1.—Evidence—Opinion of Expert.

In matters involving expert knowledge, a wide range is given to opinion testimony, extending even to the very issue on trial, but the expert's opinion is not binding on the jury.

**2.—Same—Delay—Precedence in Rights of Trains.**

In explanation of delay in starting from a station a train loaded with cattle for transportation, the division superintendent, an expert, should have been permitted to testify that incoming passenger trains, not arrived, had right of way over the outgoing freight and prevented its being sooner started.

**3.—Delay—Evidence—Sunday Trains.**

In excuse for delay in transportation of cattle, it was competent for the defendant to show its usual course of business, as that it did not run freight trains on Sunday over that part of the road, the sufficiency of the excuse being for the jury.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. E. Spell* and *Luther Nichols,* for appellant.—The witness was qualified as an expert to give his opinion upon the question as to whether or not the shipment was moved by the first available and suitable train leaving the point of receipt, and the testimony was admissible for that reason. Galveston, H. & H. R. Co. v. Bohan, 47 S. W., 1050; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 536; Galveston, H. & S. A. Ry. Co. v. Henning, 39 S. W., 305; Bonner v. Mayfield, 82 Texas, 234; Ft. Worth & D. C. Ry. Co.. v. Thompson, 75 Texas, 501; Lawson on Expert Evidence, 91-96; Wharton on the Law of Evidence, sec. 452; M'Naghten's Case, 10 Clarke & Finnelly (Eng.), 200; Lotz v. Scott, 103 Ind., 151.

The defendant not being required to furnish special transportation for the shipment of cattle from Granger to Georgetown, the question as to whether or not it had the usual means for transportation for the same was material, and was in issue, and the evidence offered was, therefore, admissible and material. Galveston, H. & S. A. Ry. Co. v. Warnken, 12 Texas Civ. App., 645.

*E. A. Strickland* and *Wilcox & Graves,* for appellee.—As to whether or not the shipment went out on the "first available and suitable train," and as to whether or not "it was impossible to avoid the delay" were matters for the jury to determine from the facts introduced in evidence, and were not matters to be shown from the opinions of experts. Shelley v. City of Austin, 74 Texas, 608; De Walt v. Houston, E. & W. T. Ry. Co., 22 Texas Civ. App., 403; Locke v. International & G. N. R. Co., 25 Texas Civ. App., 145; Haynie v. Baylor, 18 Texas, 509; International & G. N. R. Co. v. Kuehn, 2 Texas Civ. App., 210.

Carrier is required to transport cattle with reasonable dispatch, and the fact that it had no regular train from Granger to Georgetown on Sunday would not excuse its unreasonable delay. Gulf, C. & S. F. Ry. Co. v. Porter, 25 Texas Civ. App., 491; Gulf, C. & S. F. Ry. Co. v. Ellison, 70 Texas, 491; Galveston, H. & S. A. Ry. Co. v. Tuckett, 25 S. W., 150.

KEY, Associate Justice.—This is a verdict for damages to a shipment of cattle transported by the defendant from Ft. Worth to

Georgetown, Texas. Verdict and judgment went for the plaintiff and the defendant has appealed.

The defendant procured the testimony of W. S. Polhemus by deposition, and he testified that his occupation was that of superintendent of the joint track of the T. & P. Ry. Co. and the M., K. & T. Ry. Co. of Texas; that his connection with such shipments as the one in question in that capacity was as follows: His office would be notified that there was a shipment to be forwarded from the stock yards, and that he superintended the handling of all traffic over said joint track; that he was familiar with the handling of such traffic; that he knew the time at which the car was delivered at Belt Junction (the point of receipt for the M., K. & T. Ry. Co.); that he knew the time that it was forwarded from Belt Junction; that he knew that the cattle in question were loaded for the "through freight train coming south and due at Fort Worth at 7 o'clock a. m.;" he knew the time that said train consumed in switching, making up and changing crews in the Fort Worth yards; he knew that a southbound passenger train on said line was due at Fort Worth at 8:30 a. m., and that said freight train had to wait at Fort Worth until the departure of the passenger train. "The only delay in said shipment occurring at Fort Worth was by reason of the fact that said cattle were loaded for the through freight train on the line of the Missouri, Kansas & Texas Railway Co. of Texas, going south, due at Fort Worth about 7 a. m., which train occupied an hour switching and making up and changing crews in the Fort Worth yards, and was then delayed until 8:55 a. m. on account of passenger train from the south, due at Fort Worth at 8:10 a. m., and a passenger train going south at 8:30 a. m. Said freight train could not leave Fort Worth before these two passenger trains reached and left Fort Worth."

He also stated in his deposition that it was impossible to avoid the delay mentioned, for the reason that the passenger trains had the right of the road. The plaintiff objected to that statement upon the ground that it involved the conclusion of the witness, and the ruling of the court in sustaining that objection is presented in the first assignment of error. The witness was an expert in the matters about which he purposed to testify. In Galveston, H. & H. Railway Co. v. Bohan, 47 S. W., 1050, it was held by the Court of Civil Appeals for the First District that it was competent for a witness who had had experience in the care of railroad tracks to testify that it was necessary to have a track-walker at the place where the plaintiff was injured. In dealing with that question the court said:

"The witness C. H. Jones testified as an expert railroad man in the care of railroad tracks. It was immaterial that he had not worked in the yard where the accident occurred within two years prior to the date thereof. He stated that he had had many years' experience as a section foreman, and had properly qualified himself as an expert whose business it was to inspect tracks. A witness testifying as an expert may give his opinion upon the very issue on trial. Scalf v. Collin County, 80 Texas, 514. The jury are authorized to disregard the testimony of an expert. They may believe or disbelieve it, as that of any other witness. Sabine & E. T. Ry. Co. v. Hadnot,

67 Texas, 503; 4 S. W., 138; Kennedy v. Upshaw, 66 Texas, 454, 1 S. W., 308. In the opinion of Jones, a track-walker was necessary in order to keep the tracks unobstructed, free or safe, so that trains could be operated over them. Other experts may have been of a different opinion, or facts may have been put in evidence tending to contradict the opinion, and from all the evidence the jury would decide the issue. Having a track-walker was a matter about which the witness could state his opinion—whether or not it was necessary, proper or customary. In the opinion of the witness it was necessary to have one. There is a very wide range given to the admission of expert testimony. Every industry has its experts, and the operating of railroads in every branch requires expert knowledge. The engineer, fireman, brakeman, conductor, section foreman and experienced men in other departments may testify as to what is usual or customary or necessary to be done in their special lines of work. Galveston, H. & S. A. Ry. Co. v. Henning (Texas Civ. App.), 39 S. W., 302; Id., 90 Texas, 656; 40 S. W., 392; Bonner v. Mayfield, 82 Texas, 234, 18 S. W., 305; Ft. Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 501, 12 S. W., 742; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 536, 15 S. W., 104."

The Supreme Court refused a writ of error in that case, and the ruling referred to was approved by that tribunal. In the case at bar we think the court erred in excluding the testimony. Furthermore, and aside from the question of expert testimony, it is not clear that it would not be competent for a non-expert, after stating what he had done, to testify that it was impossible for him to accomplish something which he had undertaken and failed to do. (3 Wigmore on Evid., sec. 1719 et seq.; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 203; Mills v. Missouri, K. & T. Ry. Co., 94 Texas, 242.)

The second and third assignments complain of the action of the court in excluding other testimony similar in its nature to that just discussed, and, for the reasons stated, those assignments are sustained.

The fourth and fifth assignments complain of the refusal of the court to permit appellant to prove that at the time in question it did not run freight trains from Granger to Georgetown on Sundays. In our opinion that testimony was material, and the court erred in excluding it. (Galveston, H. & S. A. Ry. Co. v. Warnken, 12 Texas Civ. App., 645, 35 S. W., 73.) We do not hold that the testimony referred to would necessarily excuse the delay complained of. We merely hold that the defendant had the right to show its usual method of conducting its business; and then, with all the facts before them, it would be for the jury to determine whether or not the delay, which included a Sunday, was excusable. The other assignments are overruled.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*