# JUNE, 1915

Houston & Texas Central Railroad Company v. T. B. Walker et al.

No. 2742. Decided January 27, June 23, 1915.

1.—Appearance—Answer.

Plaintiff suing a railway for personal injuries died while the action was pending. His children, by amended petition, sought, in the alternative, recovery on his cause of action as surviving to them by the statute (Rev.' Stats., 1911, art. 5686) in case his death was not found to be caused by such injury; and, in case it was found to be so caused, for recovery of damages to them by their father's death from defendant's negligence (Rev. Stats., arts. 4694-4702). No citation was issued on this amendment; and defendant answered to the claim to recover upon the survival to these plaintiffs of the cause of action of deceased, declining to appear or answer as to the cause of action for his death because not cited therein. Held, that such answer, since it embraced a demurrer because of misjoinder of the inconsistent causes of action, was necessarily addressed to the petition as embracing both, and was an appearance to both. (P. 244.)

2.—Death—Survival of Action—Injuries Resulting in Death—Charge—Verdict.

Plaintiffs, surviving children of one who died while suing for damages from personal injuries, sought recovery on a survival of his cause of action (Rev.

Stats., art. 5686) and also on their statutory action for his death as a result of such injuries (Rev. Stats., art. 4694). The charge permitted them to recover only on the first ground if the death was not caused by the injuries, but upon both grounds if it was so caused, and the verdict awarded recovery on each ground. Held:

1. That such verdict was apparently based on a finding that the death was caused by such injuries. (Pp. 244, 245.)

2. That defendant was not in a position to question such fact when it had urged, in its motion for new trial, that the uncontradicted evidence showed that death was so caused. (P. 245.)

3. Plaintiffs having remitted the recovery as heirs of the surviving cause of action of deceased, the verdict, though somewhat inconsistent, supported a recovery on the cause of action for their own injuries from his death by defendant's negligence. (P. 245.)

### 3.—Damages—Injuries Resulting in Death.

Evidence considered is held to fail to show any prospective financial loss, by the death of a parent, to adult children, self-supporting and contributing to the support of the family. (Pp. 245, 246.)

#### ON MOTION TO RETAX COSTS.

### 4.—Appeal—Taxation of Costs.

A remittitur of a part of his judgment having been filed by appellee, though the case was then affirmed by the Court of Civil Appeals, it was within the discretion of that court, appellant having prevailed in part, to tax appellee with the costs of the appeal, and the Supreme Court, finding such ruling not inequitable, will respect it. (Pp. 246, 247.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Grayson County.

The Railway Company obtained writ of error on the affirmance, on its appeal, of a judgment recovered against it by Walker and others.

*Baker, Botts, Parker & Garwood* and *Head, Smith, Maxey & Head,* for plaintiff in error.—Statutory cause of action for death is separate and distinct from cause of action for injury to the deceased which survives, and may be prosecuted by a personal representative or heir. Thompson v. Railway Co., 97 Texas, 590; Ellyson v. Railway Co., 33 Texas Civ. App., 1, 75 S. W., 868; International & G. N. Ry. Co. v. Ellyson, 43 Texas Civ. App., 45, 94 S. W., 910; Railway Co. v. Hengst, 36 Texas Civ. App., 217, 81 S. W., 832; Railway Co. v. Heard, 91 S. W., 371.

If death caused by accident, suit instituted by deceased before his death abates. Thompson v. Railway Co., and Ellyson v. Railway Co., *supra.*

Pleading statutory cause of action for death is a new suit, upon which citation must issue. Railway Co. v. Howell, 101 Texas, 603.

Lack of administration, and necessity therefor, must be shown by plaintiffs before they could recover in their own right. Rev. Stats., 1911, secs. 5686, 1880; W. U. Tel. Co. v. Kauffman, 107 S. W., 630; Atchison v. Price, 59 Pac. (Kans.), 677.

Under the statutes of this State, as construed by our courts, if an

accident is the proximate cause of the death of the person injured, the right of action, in the person injured, on account of the accident, does not survive, and the only cause of action that can be maintained in such case is one by the statutory beneficiaries on account of the death. Thompson v. Railway Co., 97 Texas, 590; Ellyson v. Railway Co., 33 Texas Civ. App., 1, 75 S. W., 868.

The court, in permitting the jury to find for plaintiffs, both as heirs of said Walker suing for the injury to his estate, and as statutory beneficiaries suing on account of his death, authorized a double recovery by the plaintiffs, and the verdict of the jury in awarding damages to plaintiffs in both capacities awarded double damages. The judgment based thereon, therefore, can not stand. Ellyson v. Railway Co., 33 Texas Civ. App., 1, 75 S. W., 868, Thompson v. Railway Co., 97 Texas, 590.

*Wolfe & Wood*, for appellees.—Plaintiff in error having appeared and filed an answer to the original petition filed in said cause, it was not necessary that it should have been again cited, to require it to answer any amended petition filed by defendants in error. Rabb v. Rogers, 67 Texas, 335; Tyson v. Bank, 154 S. W., 1055; Turner v. City of Houston, 21 Texas Civ. App., 214, 51 S. W., 642; Ballard v. Carmichael, 83 Texas, 355; Lanes Boyce & Co. v. Squires, 45 Texas, 383; Brown v. Viscaya, 42 S. W., 309; Sinsheimer v. Kahn, 6 Texas Civ. App., 143, 24 S. W., 533.

Plaintiff in error, by filing its first amended original answer on June 16, 1913, after defendants in error had filed their third amended original petition on May 16, 1913, entered its appearance, and thereby dispensed with the necessity of the issuance and service of citation, even though it should be admitted that but for the filing of such answer citation would have been necessary to have required it to answer. Rev. Stats., 1911, art. 1882; York v. State, 73 Texas, 651; Rabb v. Rogers, 67 Texas, 335; Railway Co. v. Whitley, 77 Texas, 126; Insurance Co. v. Hanna, 81 Texas, 487.

A daughter or son, though over the age of twenty-one years, can recover for the wrongful death of their father, it not being provided by the statute giving them the right of action that as a condition thereto, their father must have been bound to contribute to their support. Railway Co. v. Martin, 25 Texas Civ. App., 204, 60 S. W., 803; Long v. Railway Co., 87 Texas, 148; Traction Co. v. Dilworth, 94 S. W., 352.

Mr. Justice PHILLIPS delivered the opinion of the court.

The suit was originally filed by T. B. Walker against the Railroad Company for damages on account of personal injuries charged to have been occasioned by its negligence. The Railroad Company was duly served with citation upon this petition, appeared and answered. Later, Walker died, and his death being suggested, his widow, by an amended petition, sought recovery in behalf of herself and the four children of

the decedent.   Subsequently she died, and a further amended. petition was filed by two of the children, Camille and Fount, for themselves and as next friends of their minor sisters, seeking damages in the sum of $40,000.  Thereafter they filed another amended petition, seeking damages for themselves on account of the death of Walker, which it was charged had resulted from the injuries due to the company's negligence, and alternatively, as the heirs of Walker, praying for damages to which it was alleged he would have been entitled, had he lived and if it should be determined that his death was not due to the injuries pleaded, placed at the sum of $30,000.  No citation was issued as to the cause of action of the plaintiffs alleged to have accrued to them as Walker's children. Following the filing of the petition last mentioned, the defendant company filed its first amended answer, stating that it was filed only as to the original suit instituted by Walker and then being prosecuted by the plaintiffs as his heirs and legal representatives, and that it refused, and had always theretofore refused, to appear or plead to the suit of the mother, or of the plaintiffs as Walker's children, on the cause of action pleaded as accruing because of his death, on account of its never having been served with citation upon such a suit.  In this answer a general demurrer was followed by a special exception to the petition of the plaintiffs, urging that the two causes of action, namely, the suit of the plaintiffs as Walker's children and the suit as his heirs, were improperly joined, and praying that the plaintiffs be compelled to sever the causes, and elect as to which they would prosecute.  The trial court submitted both causes of action to the jury.  A verdict was returned and judgment rendered for the plaintiffs, as heirs of Walker, for $2500, and in their favor, as surviving children, for $9000, apportioned, $1000 to Camille; $1000 to Fount; $2000 to Pansy; and $5000 to Elizabeth.  In the Court of Civil Appeals, before submission there, a remittitur was entered by the plaintiffs as to the $2500 recovered in their capacity as heirs.   The judgment in other respects was affirmed by that honorable court.

A principal contention urged by the plaintiff in error in its petition is, that the court acquired no jurisdiction over it upon the plaintiffs' cause of action as surviving children of Walker, because it was never served with citation thereon, and made no appearance in the case as to such cause of action.  We declined to grant the writ of error upon this ground. If there were any difficulty in the question, we think it settled by the exception, or plea of misjoinder of causes of action, interposed by the defendant to the last petition filed by the plaintiffs.  This constituted, necessarily an appearance as to both causes of action, since the exception or plea could not well have been urged to only one of them.

The trial court instructed the jury that if they found the death of Walker was due to any cause other than the injuries received by him on October 20, 1910, the plaintiffs could not recover in the capacity of surviving children, but could recover as Walker's heirs for such injuries suffered by him, provided they were found to have been proximately caused by the defendant's alleged negligence.  By further instruc-

tion the jury were told that if they found his death was caused solely by such injuries and the latter were due to the defendant's negligence as charged, the plaintiffs would be entitled to recover in the dual capacity as Walker's heirs and as surviving children. Inasmuch as a verdict was returned for the plaintiffs in both capacities, it is urged by the Railway Company that under the charge, the verdict in their favor as surviving children does not amount to a finding that Walker's death was due to the injuries in question. There is an apparent contradiction in the verdict, though we think it was probable that the jury understood, under the arrangement of the charge, that a verdict for the plaintiffs in their dual capacity, as was actually returned, could only be rendered upon a finding that the injuries caused Walker's death; and accordingly rested that part of the verdict finding for the plaintiffs as heirs upon that instruction, rather than upon that part of the charge which authorized a verdict for the plaintiffs in that capacity in the event it was found that the death resulted from another cause. In any event we do not think the Railway Company is in position to take advantage of the question. In its motion for a new trial in the trial court, it urged, as a ground of invalidity of the judgment in plaintiffs' favor in the capacity of heirs, that "the undisputed evidence showed that the death of said T. B. Walker was caused by the accident and injuries on account of which this suit is brought, and this being true, the cause of action originally instituted by said deceased in his lifetime abated upon his death, and could not be prosecuted by the plaintiffs, or any one else, for his estate." Having made the contention in the trial court that the verdict for the plaintiffs as heirs was void because "the undisputed evidence" showed that the injuries caused the death, which part of the judgment was remitted in the Court of Civil Appeals, the plaintiff in error should not now be heard to say that the jury did not, under the charge, find in accordance with such evidence.

The writ of error was granted because of our opinion that there was no basis in the proof for a recovery in favor of Camille Walker or Fount Walker. An answer to the petition having been filed by the defendant in error, we may determine the case.

Camille Walker and Fount Walker were both adults. Their being adults would not of itself deprive them of the right of recovery under the statute, provided the evidence showed a prospective financial loss to them on account of their father's death. But there must be evidence which would reasonably afford just ground for a finding that the parent would have rendered each of them pecuniary aid had he lived. Before a recovery can be had, the loss must be shown. It is not required to be proved directly; it may be proved circumstantially, but it must rest in the evidence. The statute allows no compensation by way of solace for the bereavement which would naturally be caused by the death of a parent, as is well settled. The damages must be actual and for a pecuniary loss.

The trial was had in June, 1913. Walker's death occurred in December, 1911.

Miss Camille Walker testified that when T. B. Walker would receive his monthly pay check it was turned over to the family, and was used for the support, education and maintenance of the family. But her testimony further shows that at the time of the trial she had been teaching for four or five years, being then 25 years of age; and that at the time of her father's death she was each month contributing to the payment of the family expense; that she bought her own clothes; and that when she was not at home, she paid her board and her own expenses. Her sister, Miss Pansy Walker, 20 years of age at the time of the trial, one of the plaintiffs, testified that Miss Camille had been teaching four or five years; that since she had been teaching she had been contributing some to the family expenses. One of the statements in her testimony is, "My Sister (Miss Camille) has been self-supporting, I suppose, for or five years, and during that time, when she drawed her money, she contributed to the family expenses."

Fount Walker was 22 years of age, at the time of the trial, an adult at the time of his father's death, and unmarried. He was shown to have been a fireman in the employ of a railroad company, and had been so engaged for a year or two. He testified that before he went to work, which was upon his leaving school in 1908, four years before his father's death, the latter paid his expenses, board, etc.; and that since he had been at work, he had contributed in the payment of his own expenses. His sister, Miss Pansy, testified concerning him as follows: "I will say that my brother has been self-supporting six or seven years, possibly. I really do not know about that. During most of the time he has contributed to the family support."

With each of these two children grown at the time of their father's death; then, and for a number of years prior, self-supporting, and contributing to the family expenses, and with nothing in the proof to show his extension of pecuniary aid to them futher than that, when they were at home, they shared the family board and home environment furnished by the father, for which it is evident their contributions were meant to compensate, it can not be reasonably contended, we think, that there was any evidence of prospective pecuniary aid from the father for their benefit. As said in Railway Co. v. Johnston, 78 Texas, 536, 15 S. W., 104, "the circumstances repel the idea that they had any just grounds to expect pecuniary assistance from him."

The judgment as to Pansy Walker for $2000; and for Elizabeth Walker for $5000, is affirmed; and as to Camille Walker and Fount Walker, the judgments of the District Court and Court of Civil Appeals are reversed, and judgment is here rendered for the plaintiff in error.

### ON MOTION TO RETAX COSTS.

When our order was made directing that the costs of the appeal in the Court of Civil Appeals be taxed against the plaintiff in error, we

did not note that upon a motion that court had directed that the costs of such appeal be taxed against the defendants in error. That was a matter within the discretion of that court, and since its order was not inequitable we do not believe we should reverse it. It doubtless proceeded from the fact that the appellees,—the defendants in error here, remitted in that court a portion of the judgment which amounted to the appeal prevailing in a substantial part. The plaintiff in error, under our disposition of the case, likewise prevailed here on a substantial question as against two of the defendants in error, Camille Walker and Fount Walker.

Our order is therefore revised so as to direct that the costs in the Court of Civil Appeals be taxed against all of the defendants in error, and that the costs in this court be taxed against Camille Walker and Fount Walker.

Opinion delivered June 23, 1915.

*Affirmed in part, and in part reversed and rendered.*