### JASPER COUNTY LUMBER CO. OF TEXAS v. McMILLAN.

#### No. 4298.

Court of Civil Appeals of Texas. Beaumont.

June 7, 1945.

Rehearing Denied July 11, 1945.

732

Faver & Barnes, of Jasper, and J. Austin Barnes, of Beaumont, for appellant.

Kemper & Cramer, of Houston, and Richardson & Lanier, of Jasper, for appellee.

MURRAY, Justice.

This is an appeal from a judgment in the District Court of Jasper County, Texas, in favor of appellee, Ezra McMillan, against Jasper County Lumber Company of Texas, appellant, for damages for the death of his minor son, growing out of an automobile accident in which the small boy was struck and fatally injured by a truck of appellant. The case was tried to a jury and in response to special issues submitted the jury found that the driver of appellant's truck was guilty of certain acts of negligence which proximately caused the accident in which the child lost his life; that the accident was not unavoidable; that the damages suffered by McMillan for the loss of his minor son was $5,200. The parties agreed upon the sum of $195 as the proper amount for funeral expenses involved. Upon the admission and the verdict of the jury the court entered judgment for the total sum of $5,395. Appellant filed its motion for an instructed verdict, its motion for judgment non obstante veredicto and its motion for new trial, all in the proper order of filing, all of which were by the court overruled.

On appeal, the only two points urged by appellant are, first, there was no competent evidence to support a judgment for damages in excess of the agreed amount of $195 for funeral expenses, and, second, that the jury finding of $5,200 as damages was not only without support in the evidence but was so excessive as to show that the jury must have been moved by passion or prejudice in making such finding.

The testimony in the case relating to damages can be briefly summarized as follows: Jimmie Earl McMillan, the deceased child, was a boy 4 years, 7½ months old at the time of his death. He was very healthy, mentally bright and alert, affectionate and devoted to his mother and father. He did small chores around the house and was expected to do more as he grew older. The father was a carpenter, living on the outskirts of the town of Jasper. The family consisted of Mr. and Mrs. McMillan, two small girls and the one son, Jimmie, who was killed. On cross examination the father stated that he made a fair living for his family and if he could he intended to send his son through grammar school and high school, and possibly to college.

Appellant relies upon the cases of St. Louis, B. & M. R. R. Co. v. Jenkins, Tex. Civ.App., 163 S.W. 621; Patterson v. Williams, Tex.Civ.App., 225 S.W. 89; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Tex. 536, 15 S.W. 104; West Lumber Co. v. Hunt, Tex.Civ.App., 219 S.W. 1106; Chicago, R. I. & G. Ry. Co. v. Dickerson, Tex.Civ.App., 272 S.W. 543; Texas Portland Cement & Lime Co. v. Lee, 36 Tex. Civ.App. 482, 82 S.W. 306; Greathouse v. Ft. Worth & D. C. Ry. Co., Tex.Com.App., 65 S.W.2d 762; and Cantu v. Southern Pacific Ry. Co., Tex.Civ.App., 166 S.W.2d 963. In all of these cases the well settled rules of law are repeated and applied to the facts of each case, that a parent is entitled to recover as actual damages for the death of a child only the pecuniary value of the child's services until he reaches his majority, less the cost and expense of the child's care, support, education and maintenance, and such sums as might be reasonably expected as contributions after the child reaches majority, but that no recovery may be had for mental anguish, grief, bereavement, or loss of companionship, and that some evidence of pecuniary loss is necessary to support a judgment of recovery. Appellant main-

tains that in the instant case there is no evidence in the record to support the judgment for any amount to the parent of this child, and that the size of finding shows some improper motive on the part of the jury.

The law is well settled that the evidence in this class of case from the nature of things cannot furnish the measure of damages with that certainty and accuracy with which it may be done in the other cases and, therefore, the question of damages must be left to the discretion of the jury. Brunswig v. White, 70 Tex. 504, 8 S.W. 85. In that case the testimony was that the deceased was 11 years old, was a bright, intelligent girl, strong and healthy, was a good child to work and accustomed to help her mother. This was held to be sufficient on which to base a verdict for any reasonable sum.

We hold that the evidence in this case is sufficient to support the finding of the jury and the judgment of the court based thereon.

The sum of $5,200 for the loss of the services and contributions of this 4½ year old boy is not excessive in our opinion, on the authority of Kuntz v. Spence, Tex.Civ.App., 48 S.W.2d 413; Galveston, H. & N. Railway Co. v. Olds, Tex.Civ. App., 112 S.W. 787; Austin Rapid Transit Ry. Co. v. Cullen, Tex.Civ.App., 29 S.W. 256; San Antonio Traction Co. v. Young, Tex.Civ.App., 141 S.W. 572; Schaff v. Young, Tex.Civ.App., 264 S.W. 582.

We do not agree with the appellant's contention that the father's testimony that he expected to send his child to college if he could and that he expected the boy to marry when he was grown and undertake the expense and responsibility of a family of his own was in itself conclusive that no financial or pecuniary contributions could have been expected from the boy. This was simply evidence which the jury could consider in determining whether any pecuniary loss was suffered, and, if so, how great a loss was suffered.

We believe that the finding in regard to damages was not excessive and that there was sufficient evidence to support such a finding of the jury. Even if it were, we do not agree with appellant's contention in its second point that the amount of the verdict is proof that the jury was actuated by passion, prejudice, or some other improper motive, and not by the evidence in the case. See Houston Electric Co. v. Flattery, Tex.Civ.App., 217 S.W. 950.

In this case the issues of negligence, proximate cause and unavoidable accident, contributory negligence and the measure of damages were properly submitted and no complaint is brought forward on appeal to any of such features of the trial; no complaint nor showing is made as to improper argument or conduct of the jury. We believe the evidence supports the findings of the jury and that the judgment is not excessive.

The judgment is affirmed.