## Cleburne Electric & Gas Company v. Lertie McCoy, et al.

Applications Nos. 7889, 7890.    Decided October 30, 1912.

**Practice in Supreme Court—Separable Case.**

Having declined to take jurisdiction on an application for writ of error by the plaintiffs in the trial court, whose recovery there had been reversed and their cause remanded for retrial on defendant's appeal, the Supreme Court, granting a writ of error in favor of defendants on their complaint of the judgment refusing them recovery over against another whom they had impleaded as primarily liable for any judgment plaintiff might recover against them, which judgment had been affirmed on the appeal, treat the two actions as severable and as severed by such judgment on appeal. Plaintiff's cause of action being thus remanded for retrial, the Supreme Court retain jurisdiction of defendant's action against the parties impleaded for indemnity and contribution, to await the disposition of plaintiff's action against defendant on which it depends.

Applications for writs of error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

McCoy and others sued the Cleburne Electric & Gas Co. for damages for injuries resulting from death. Defendants impleaded the Southwestern Telegraph & Telephone Co., seeking indemnity for such judgment as plaintiff might recover. Defendant appealed from a judgment in favor of plaintiffs against it and also in favor of the company impleaded by it. The judgment of plaintiff against it was reversed and remanded. That in favor of the Telephone Co. was

affirmed. Plaintiff below applied for writ of error on the judgment reversed and remanded. Defendant also applied for writ of error on the judgment affirmed.

*Walker & Baker* for applicants McCoy and others.

*W. Poindexter, M. B. Templeton,* and *S. C. Padelford,* for applicant Cleburne Elec. & Gas Co.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This suit was instituted on October 12, 1908, in the District Court of Johnson County by Mrs. Lertie McCoy for herself as surviving widow of C. W. McCoy, deceased, and as next friend for his minor children, against the Cleburne Electric & Gas Company, a corporation operating in the City of Cleburne, Texas, to recover damages in the sum of $40,000.00 for the the alleged negligent killing of said McCoy. It will not be necessary for the purposes of this opinion to state the grounds of negligence on the part of the Cleburne Electric & Gas Company upon which plaintiffs base their right of recovery, for the reason that this court does not in this proceeding assume jurisdiction to dispose of the merits of the cause.

In due time after plaintiffs had begun their suit against the Cleburne Electric & Gas Company, as sole defendant, that company impleaded the Southwestern Telegraph & Telephone Company by its cross action, and in substance said that if McCoy was injured, as alleged by plaintiffs and from such injuries died, the telephone company was the active wrong-doer, and that if judgment was secured against the Electric & Gas Company it should have judgment over against the telephone company for a like amount.

The cause was tried in the lower court with the assistance of a jury and a verdict was rendered against the Cleburne Electric & Gas Company for $12,000.00, and as between the defendants, Cleburne Electric & Gas Company and the telephone company, a verdict and judgment was rendered that the former take nothing against the latter by virtue of its cross action. The electric company prosecuted an appeal to the Honorable Court of Civil Appeals of the Fifth District and that court, on June 1, 1912, reversed the judgment secured by plaintiffs against the defendant electric company, and affirmed the judgment rendered in favor of the telephone company against the electric company.

Petitions for writs of error are presented to the Supreme Court by plaintiffs below upon the reversed judgment against them, and by the defendant, the electric company, upon the judgment against it of affirmance. By the action of the Court of Civil Appeals it will be seen that the cause of action in favor of the electric company against the telephone company for contribution has been severed from the action of plaintiffs, and the judgment between the defendant, electric company, and the defendant, telephone company, ha' been left undisturbed, while the judgment in favor of plaintiffs has been reversed and remanded for another trial.

The judgment of the Court of Civil Appeals reversing the judg-

ment of the trial court as between the plaintiffs and the defendant, electric company, is conclusive upon this court unless the complaint against the ruling is based upon some exception giving this court jurisdiction. The petition for writ of error presents no ground that would authorize the Supreme Court to take jurisdiction of the reversed case, and such application will be dismissed for want of jurisdiction.

The electric company, in its application, complains of the following special charge given by the trial court at the instance of the telephone company:

"If you should believe from the evidence that the injuries which resulted in the death of C. W. McCoy were caused by the negligence of the defendant, Cleburne Electric & Gas Company, in any of the respects submitted in the general charge of the court, and you should further believe that the said injuries were also caused by the negligence of the Southwestern Telegraph & Telephone Company, and you should further believe that said injuries were proximately caused or proximately contributed to by the concurrent negligence or the joint negligence of both of said companies, and that the negligence of both of said companies, proximately contributed to said injuries, then you are instructed that there can be no recovery over against the telephone company by the electric company, and if you so believe you will return your verdict for the said telephone company."

The fault found with this special charge is that it instructs the jury that if the negligence of the two defendants was concurrent or if their negligence proximately caused or contributed to the injury of McCoy, or if decedent's injury resulted from the concurrent or joint negligence of the two defendants, then the electric company should not recover over against the defendant telephone company, though the negligence of the electric company was passive and the negligence of the telephone company was active and was the principal cause and more proximately contributed to the injuries of McCoy than did the negligence of the electric company. The court is inclined to think there is merit in the position taken by the electric company on this proposition, and for this reason will grant the application of the electric company for a writ of error.

In dismissing the application of plaintiffs and granting that of the electric company this court pursues such a course with the direction that the lower court proceed with the trial and disposition of the case upon all issues between plaintiffs and the defendant, the Cleburne Electric & Gas Company, the same as if the Southwestern Telegraph & Telephone Company was not a party, and that the issues between the Cleburne Electric & Gas Company and the Southwestern Telegraph & Telephone Company be undetermined except in the event the Cleburne Electric & Gas Company should be successful in its defense against the cause of action of plaintiffs.

The court adopts this method of disposing of the case for the reason the causes of action are separable and the disposition of plaintiffs' cause favorable to their contention will not preclude the Cleburne Electric & Gas Company from prosecuting its case against the Southwestern Telegraph & Telephone Company for contribution should

that case be reversed by this court. We see no reason why plaintiffs should be required to postpone their cause to await a trial between the other two defendants upon a separable if not distinct cause of action. The causes of action should be severed.

This procedure, we think, is justified upon principle and is supported by authorities. Hamilton v. Prescott, 73 Texas, 565; 11 S. W., 548; Missouri, K. & T. Ry. Co. of Tex. v. Enos, 92 Texas, 577, 50 S. W., 928.

It is ordered by this court that the application for writ of error by Lertie McCoy, et al., be and the same is hereby dismissed, and the application for writ of error by the Cleburne Electric & Gas Company be and the same is hereby granted, but the causes of action are hereby severed, and the cause as between the plaintiffs below and the defendant Cleburne Electric & Gas Company is returned for trial and disposition independent of the cause between the defendant, Cleburne Electric & Gas Company and the Southwestern Telegraph & Telephone Company, which is ordered to remain in this court for future disposition.