## WHITTEN v. WHITTEN.

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1913. Rehearing Denied May 10, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—PREPARATION—NEW TRIAL.

Assignments of error which do not refer to that portion of a motion for new trial in which the errors are complained of, as required by Court of Appeals Rules 24, 25 (142 S. W. xii), will be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. CONTINUANCE (§ 25*)—ABSENT WITNESSES —PREMATURE SUIT.

It was not error to deny a motion for continuance to obtain the testimony of an absent witness to testify to facts showing that the suit was prematurely brought, where plaintiff's testimony on that question was of such an uncertain character that it did not show that the debt was not due.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 73; Dec. Dig. § 25.*]

3. EVIDENCE (§ 222*)—DECLARATIONS AGAINST INTEREST—MATURITY OF DEBT.

Where defendant claimed that the debt sued on was not due, evidence of a third person, that defendant stated to him that the ·indebtedness would fall due in four months from the date it was incurred, was admissible to support plaintiff's allegation that the claim had matured.

[Ed. Note.—For other cases, see ·Evidence, Cent. Dig. §§ 786–800, 803–808; Dec. Dig. § 222.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Index

**4. APPEAL AND ERROR (§ 748*)—ASSIGNMENTS OF ERROR—CONSIDERATION.**

Errors which are fundamental will be considered on appeal, notwithstanding the assignments are not in proper form.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

**5. JUDGMENT (§ 253*)—CONFORMITY TO PLEADING—FORECLOSURE—AMOUNT OF DEBT.**

Where plaintiff's petition in a suit to recover $1,900 alleged that $800 of the amount was secured by chattel mortgage on a stallion, it was error to decree a foreclosure of the lien on the stallion for the entire amount of the debt.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by Pat Whitten against G. P. Whitten. Judgment for plaintiff, and defendant appeals. Reversed and rendered in part, and affirmed in part.

Martin & Smith, of Ft. Worth, for appellant. Burns & Brown, of Ft. Worth, for appellee.

SPEER, J. This is an action by Pat Whitten against G. P. Whitten to recover a sum of money, $1,900 of which was alleged to be secured as follows: The sum of $800 by a chattel mortgage on a certain bay stallion and the residue of said amount by a mortgage lien on ten acres of land in Tarrant county. The defendant, among other defenses, alleged that the suit was prematurely brought. The trial resulted in a judgment for the plaintiff together with a foreclosure of his liens, and the defendant has appealed.

[1] Appellant's assignments of error are not in compliance with rules 24 and 25 for the Courts of Civil Appeals (142 S. W. xii), in that they do not refer to that portion of the motion for a new trial in which the errors are complained of, and may therefore be disregarded.

[2] If, however, we were to consider the merits of those assignments complaining of the action of the court in overruling the motion for a continuance, we would overrule them because, in view of the uncertain character of appellant's testimony upon the issue of his defense that the debt sued on was not due, it is altogether improbable that the testimony of the absent witness Wray could have changed the result of the trial. We think appellant's own testimony falls far short of supporting his plea, and the facts are more certainly within his knowledge than of any other person.

[3] The testimony of the witness S. A. Whitten to the effect that defendant Whitten stated to him that the indebtedness to plaintiff was to fall due in four months from its date was properly admitted, since the same was an admission by defendant in support of plaintiff's allegations as to the maturity of the debt.

[4] There is an error, however, which we will notice notwithstanding the defects in the assignments, since the error is fundamental in its nature, in respect to the foreclosure of the chattel mortgage lien against the stallion.

[5] Appellee's petition did not assert such chattel mortgage lien beyond the sum of $800 with interest due on the Mrs. Nettie Steifel note which he held, whereas the foreclosure against the animal was for the entire sum of $1,900. This matter was called to the trial court's attention in a motion for new trial, and the appellant is not only entitled to a reversal in this respect, but to the costs of this appeal as well. The judgment of the district court is therefore reversed in so far as the foreclosure of the chattel mortgage is concerned, and judgment here entered for appellee foreclosing the chattel mortgage lien against the stallion for the amount of the Nettie Steifel note only; but in all other respects the judgment of the district court is affirmed.

Reversed and rendered in part, and affirmed in part.