**HINES, Director General of Railroads, v. WALKER. (No. 9354.)**

(Court of Civil Appeals of Texas. Ft. Worth. July 2, 1920. On Motion for Rehearing, Nov. 20, 1920.)

1. **Death** ⊜⇒58(2)—**Adult child's loss of support not presumed.**

When a child reaches its majority, parent's legal duty to support it ceases, and, in absence of proof, it cannot be presumed that such support will be continued so as to justify recovery under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for loss thereof through the parent's death.

2. **Death** ⊜⇒95(3)—**Child's damages under federal Employers' Liability Act limited to benefits expected during minority.**

Under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), damages recoverable by deceased's children are restricted to the benefits they might have been expected to receive during minority, unless proof is made of unusual facts showing that child might reasonably expect support after reaching majority.

3. **Appeal and error** ⊜⇒1064(1)—**Too broad instruction on damages for death held prejudicial.**

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), for death of a fireman, an instruction, which did not restrict the jury to benefits that might have been expected during minority of children, held prejudicial error, where it was not clear that the jury did not go beyond the limits authorized by law.

4. **Death** ⊜⇒67 — **Probability of railroad employé's promotion admissible.**

In an action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for death of a fireman who had previously acted as locomotive engineer, evidence showing decedent's probable chance of being again employed as engineer and the wages he would then receive is admissible.

5. **Master and servant** ⊜⇒270(9)—**Evidence of other defects in railroad track admissible.**

In action for death of locomotive fireman caused by defects in a spur track, admitting proof of defects at other points than where the accident occurred, was not erroneous where it appeared the track was in the same condition throughout its entire length.

**On Motion for Rehearing.**

6. **Appeal and error** ⊜⇒719(9)—**Verdict unsupported constitutes fundamental error, reviewable without assignment of error.**

A verdict under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665),

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which awarded deceased's children damages for expected benefits, not alleged in the pleadings, nor supported by the evidence, constitutes fundamental error, which may be considered, although the assignment of error presented a question of law, and did not complain that there was no evidence supporting the verdict.

Buck, J., dissenting.

Appeal from District Court, Callahan County; Harry Tom King, Judge.

Action by Mrs. Nora Walker, administratrix, against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Shropshire & Bankhead, of Weatherford, for appellant.

Johnson, Edwards & Hughes, of Tyler, and J. R. Black, of Baird, for appellee.

DUNKLIN, J. The Texas & Pacific Railway Company maintained and operated a spur track about 600 yards long, which connected with its main line near the town of Baird in Callahan county, and extended to a sand pit. The surface of the land over which this spur track was constructed consisted of loose sand, and the purpose of that track was to enable the company to haul sand, for use on the main track. In some instances the cross-ties and rails would be laid on a foundation of sand, which later would be excavated and hauled away, and the track relaid on the clay beneath. As the clay was not of uniform depth from the surface, it would sometimes happen that the cross-ties at one end of a rail would rest on a clay foundation, while the other end would rest on sand. At places where the track was supported by a foundation of sand, it was unsafe to run heavy trains over it. On the 25th day of February, 1919, while a train composed of a locomotive and several cars was being operated over the spur track at a slow rate of speed, the rails broke and gave way, in consequence of which the train was wrecked, and H. N. Walker, the fireman, was scalded to death by steam which escaped from the pipe connecting the boiler and engine.

This suit was instituted by Mrs. Nora Walker, surviving wife of the deceased, as administratrix of the estate of her deceased husband, and for the use and benefit of herself as his surviving wife, and his three minor children, aged 3, 6, and 8 years, respectively, for damages sustained by reason of his death. The suit was against Walker D. Hines, Director General of Railroads. It was instituted under the federal Employer's Liability Statute (U. S. Comp. St. §§ 8657–8665), and plaintiff's petition contained allegations sufficient to give that act effect in this suit. Plaintiff recovered a judgment for the sum of $20,000, apportioned as follows:

One-half to plaintiff, as surviving wife of the deceased, and the other half to his three minor children, share and share alike. From that judgment defendant has appealed.

Plaintiff's suit was predicated upon the contention that the accident was caused by a defective and unsafe condition of the spur track, and that the defendant was guilty of negligence in maintaining the track in that condition, which negligence was the proximate cause of the death of H. N. Walker.

The case was submitted to the jury on special issues, in answer to one of which the charge of negligence, made by the plaintiff as the proximate cause of the death of H. N. Walker, was sustained. Another special issue submitted was as follows:

"What amount of money, if paid now, will fairly and reasonably compensate the surviving widow and children of deceased for the pecuniary loss which they respectively suffered by reason of his death? This question you will answer by stating the aggregate amount of such pecuniary loss or damages. By 'pecuniary loss' is meant such loss as may be compensated for in money. In answering this, the fifth question, you may take into consideration the contribution of money and other pecuniary benefits, if any, which the evidence may show that said surviving widow and children of deceased would have received from him after the time of his death if he had continued to live; and in estimating the pecuniary losses suffered by the minor children of deceased by reason of his death you may take into consideration such nurture, advice, and training, if any, as the evidence may show that these children would have received from deceased after the time of his death if he had continued to live, but you cannot consider for any purpose the solace or grief or loss of companionship suffered by deceased's surviving widow and children, or either of them, by reason of his death, and you cannot award them, or either of them, any damages by way of solace or comfort for the death of deceased."

Before the charge was submitted to the jury, the defendant duly excepted to the instruction quoted, said objections and exceptions being in writing and filed with the papers of the case. One of the objections so made was that the instruction did not limit the amount of damages to be awarded to the children to losses they would have sustained during minority had not their father been killed. The court overruled that objection, and also refused a requested instruction offered by the defendant, which presented such limitation of damages to be awarded to the children. Error has been assigned to both those rulings.

The undisputed facts show that at the time H. N. Walker met his death he was engaged in the service of handling interstate commerce; hence the federal Employer's Liability Act controls the case. That act prescribes that in such a case the railroad company "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her per-

sonal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." U. S. Comp. St. § 8657. By that statute the recovery by a surviving child of a deceased employee is not expressly limited to the pecuniary benefit which the child may sustain during minority. It is broad enough to permit a recovery for such benefits of a pecuniary value which the child would have reasonable expectation of receiving after he reaches his majority. Articles 4694 and 4698 of the Revised Statutes of Texas, in the same general terms, allow a recovery by the "surviving husband, wife, children and parents" of an employee whose death has resulted from the negligence of a railroad company. But it is a familiar rule of decisions of this state that an adult child will not be allowed to recover for the death of his parent so caused unless it can be shown by evidence that such child had a reasonable expectation of receiving from the parent support or aid of pecuniary value, notwithstanding the fact that at the time of the death of the parent he had reached his majority and such parent was no longer under legal liability to render him such aid. I. & G. N. Ry. Co. v. De Bajligenthy, 9 Tex. Civ. App. 108, 28 S. W. 829; St. L. S. W. Ry. Co. v. Bishop, 14 Tex. Civ. App. 504, 37 S. W. 764; M., K. & T. Ry. Co. v. James, 55 Tex. Civ. App. 588, 120 S. W. 269; T. & N. O. Ry. Co. v. Mills, 143 S. W. 690.

Substantially, the same interpretation of the federal statute was given by the United States Supreme Court in G., C. & S. F. Ry. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785. That suit was by a widow for the benefit of herself and four children, one of whom was a married daughter, who was supported by her husband. There was neither allegation nor proof that Mrs. Saunders, the married daughter, was in any way dependent upon her father, nor that she had reasonable expectation of pecuniary benefits as the result of the continuation of his life. In that case, the trial court refused a requested instruction to the jury that no damages could be allowed in favor of Mrs. Saunders, and the Supreme Court reversed the judgment for the refusal to give the requested instruction, notwithstanding the fact that the trial court in general terms, as was done in the present suit, instructed the jury to allow such damages only as the evidence showed the beneficiaries had a reasonable expectation of receiving from the decedent if his death had not occurred.

To the same effect is the case of N. C. & St. L. Ry. Co. v. Anderson, 134 Tenn. 666, 185 S. W. 677, L. R. A. 1918C, 1115, Ann. Cas. 1917D, 902, in which the Supreme Court of Tennessee gave the same construction to the federal statute as our courts have given the statute of this state. In that opinion, the following is quoted with approval from Tiffany on Death by Wrongful Act, § 160:

"The damages to the widow should be calculated upon the basis of their joint lives. The damages to the minor children for the loss of support should be confined to their minority."

And in the course of that opinion several decisions of the Supreme Court of the United States are cited to show that in that court the rule requiring proof of pecuniary damages in such cases is applied with more strictness than in some other courts. In the cases Norfolk & Western Ry. Co. v. Holbrook, 235 U. S. 625, 35 Sup. Ct. 143, 59 L. Ed. 392, and in C. & O. Ry. Co. v. Kelly, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367, the charges given by the trial courts contained the limitation of the amount of recovery by the minors, which was insisted on by the defendant in this case. The correctness of such instructions in the particular noted was not questioned in either of those decisions. See, also, Richie, Federal Employer's Liability, § 183.

[1-3] All the authorities seem to proceed upon the theory that a minor may recover in such a case because the parent is under legal obligation to support him during minority, and that he will perform that obligation. But after a child reaches his majority that legal duty of the parent ceases, and in the absence of proof it cannot be presumed that he will continue such support. If a child is crippled or has suffered some other permanent physical infirmity, that fact, in connection with proof of parental attachment and probable ability on the part of the parent to continue the support of his offspring beyond the age of majority, might perhaps support a verdict for damages for the loss of such support; but, in the absence of some proof of that character, or some other proof that the child might reasonably be expected to need the support of the parent beyond the period of minority and some reasonable expectation of receiving such support from his parent, we do not think there would be any basis for such a recovery.

In the present case, there was no proof that the children of the deceased were not in normal physical condition, and no proof of any character which reasonably would warrant a finding that their father would have continued to render them assistance of pecuniary value after they reached their majority.

Under the instruction given in the present suit, the jury may not have limited the damages allowed in behalf of the minors to the benefits they had a reasonable expectation of

receiving during their minority. They could not properly have gone beyond that period in allowing such compensation. But the instruction was broad enough to permit them to do so. In view of the amount of damages awarded in connection with all the facts and circumstances in evidence, it does not clearly appear that they did not do so, and for the error of the court in refusing to so restrict the amount of such recovery by the minors, we think the judgment should be reversed. In T. & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36, it was held that an erroneous charge is reversible error unless it clearly appears that the same did not result in injury to the appellant. See, also, Weisner v. M., K. & T. Ry. Co. (Com. App.) 207 S. W. 904, and Peden Iron & Steel Co. v. Jaimes (Com. App.) 208 S. W. 898.

Norfolk & Western Ry. Co. v. Holbrook, 235 U. S. 625, 35 Sup. Ct. 143, 59 L. Ed. 392, cited above, was a suit by a widow for the benefit of herself and minor children under the federal Employers' Liability Act for the death of the husband of the plaintiff and the father of the children, and in that case the judgment of the trial court for plaintiff was reversed, because the jury was instructed that the pecuniary damages suffered by the minors for the loss of their father would be much greater than those suffered by adult beneficiaries. Notwithstanding the fact that the facts so stated in the court's charge was a matter of common knowledge, the judgment was reversed, and in the course of the opinion the court said:

"The facts brought out during the course of the trial were adequate to constitute a strong appeal to the sympathy naturally engendered in the minds of jurors by the misfortunes of a widow and her dependent children. In such circumstances it was especially important that the charge should be free from anything which they might construe as a permission to go outside of the evidence. It is the duty of the court in its relation to the jury to protect the parties from unjust verdicts arising from impulse, passion, or prejudice, or from any other violation of lawful rights. Pleasants v. Fant, 22 Wall. 116, 121, 22 L. Ed. 780, 782."

[4] The proof showed that H. N. Walker had formerly been employed as a locomotive engineer for a short period of time, but at the time of his death he was filling the position of a fireman. Under such circumstances, the court did not err in admitting proof tending to show his probable chances of being again employed as an engineer and of the wages usually received by one in that employment. M., K. & T. Ry. Co. v. Lasater, 53 Tex. Civ. App. 51, 115 S. W. 103 (writ of error refused); St. L., A. & P. Ry. Co. v. Johnston, 78 Tex. 536, 15 S. W. 104; Ft. W. & D. C. Ry. C. v. Stalcup, 167 S. W. 279 (writ of error refused); M., K. & T. Ry. Co. v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666.

[5] There is no merit in other assignments of appellant in which the contention is made that the proof of the defects in the spur track introduced should have been confined to the defects in the exact spot where the derailment of the engine occurred, in view of the fact that the evidence tended to show that the spur tract throughout its length was, generally speaking, in the same condition.

More than 40 other assignments of error are presented in appellant's printed brief of 225 pages, but we deem it unnecessary to discuss all of those assignments in detail. Many of them contain criticisms of the court's charge, which may be avoided upon another trial, even though it could be said that they are meritorious, which we shall not attempt to determine. Some of the other assignments are addressed to the action of the court in admitting and excluding testimony, which assignments are, to say the least, of doubtful merit; but even those supposed errors, if any, may be cured upon another trial.

For the reasons indicated, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

In the case of G. H. & S. A. Ry. Co. v. Puente, 30 Tex. Civ. App. 246, 70 S. W. 362, the plaintiff, as surviving wife of Pedro Puente, for herself and for the benefit of her two minor children, aged respectively 2½ years and 18 months, recovered a judgment for damages by reason of the death of her husband, Pedro Puente, which resulted from the negligence of the railroad company. Upon the trial of the case the jury was instructed that, in the event of a verdict for plaintiff, the amount of recovery should include reasonable compensation for the loss of support, maintenance, and education which the children sustained by reason of the death of their father. A judgment of the trial court in plaintiffs' favor was affirmed by the Court of Civil Appeals, and in the courts of the opinion rendered, in overruling an assignment of error to the charge given on the measure of damages, and referring to that instruction, the following was said:

"It is assigned as error because (1) it does not limit the right of recovery of the minors to the time of attaining their majority; and (2) there was no testimony that deceased had ever expended, or would expend, any money for the education of the said children. The language of the statute is: 'The jury may give such damages as they may think proportionate to the injury resulting from such death.' It does not limit the damages to such as accrue during the minority of the children of the deceased. Nor are they tied down to any precise rule within the limit of the statute as to the amount and species of injuries sustained. The matter is to be submitted to their sound judgment and sense of justice."

To the same effect are the following decisions: Tyler S. E. Ry. Co. v. Rasberry, 13 Tex. Civ. App. 185, 34 S. W. 794; Butte Elec-

tric Ry. Co. v. Jones, 164 Fed. 308, 90 C. C. A. 240, 18 L. R. A. (N. S.) 1205; Paris & G. N. Ry. Co. v. Robinson, 127 S. W. 294. While the decision last cited, which was by the Court of Civil Appeals, was later reversed by our Supreme Court, as shown in 104 Tex. 482, 140 S. W. 434, it does not seem that the question now under discussion was considered by that court. The cases of T. & P. Ry. Co. v. Harby, 28 Tex. Civ. App. 24, 67 S. W. 541, and San Antonio Street Ry. Co. v. Mechler, 29 S. W. 202, were suits by parents for damages resulting from the death of minor children caused by the negligence of the defendants. In both of those cases it was held that it was not error for the trial court, in the charge given to the jury, to fail to limit the recovery to losses sustained during the minority of the deceased children. Those decisions, and some others somewhat similar, have been cited by appellee in her motion for rehearing to sustain her contention that we erred in holding that it was reversible error for the trial court to refuse to limit the recovery by the minor children to probable losses sustained by them during minority, and resulting from the death of their father. Notwithstanding those several decisions, the Court of Civil Appeals at Dallas made a contrary ruling in the case of Cleburne Electric & Gas Co. v. McCoy, 149 S. W. 534, which was a suit by a widow and her minor children for damages resulting from the death of the husband and father. The trial court in that case in his charge to the jury on the measure of damages, in general terms, authorized a recovery by the children of all damages which the evidence showed they had a reasonable expectation of receiving from their father if he had not been killed. The Court of Civil Appeals sustained an assignment of error to that instruction because it did not limit the damages recoverable by the minors to the period of their minority, since there was no evidence to show that there was any probability that the father would have continued to render them aid of pecuniary value after they reached their majority, citing in support of such ruling Railway Co. v. Worthy, 87 Tex. 465, 29 S. W. 376, and T. & P. Ry. Co. v. Gullett, 134 S. W. 262. While the decision of the Court of Civil Appeals in that case was reversed by our Supreme Court, as shown in 105 Tex. 360, 150 S. W. 588, the particular ruling referred to was not discussed or determined in any manner.

But even though it should be said that it is the settled law of this state in suits of this character, under similar facts and circumstances, which do not involve the federal Employers' Liability Act, the trial court in his charge to the jury is not required to limit the amount of recovery by a minor child to the benefits he has a reasonable expectation of receiving during the period of his minority, yet we are of opinion that such decisions are contrary to those of the United States Su-

preme Court, which are binding upon this court and must be followed. And in addition to the authorities cited in the opinion on original hearing, see, also, American Ry. Co. of Porto Rico v. Didricksen, 227 U. S. 147, 33 Sup. Ct. 224, 57 L. Ed. 456; Kansas City So. Ry. Co. v. Leslie, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478, which, although not directly and specifically upon the question now under discussion, at least have a material bearing, in that stress is laid upon the rule that a recovery in such cases must be based upon the "actual pecuniary loss," and, as noted in those cases, instructions by trial courts which gave latitude to the jury to go beyond that rule were condemned. See, further, decisions cited in note 10 (a) 17 Corpus Juris, 1328.

It may be noted, further, that in the case of Norfolk & Western Ry. Co. v. Holbrook, 235 U. S. 625, 35 Sup. Ct. 143, 59 L. Ed. 392, which was cited in our opinion on original hearing, the opinion rendered by the Supreme Court, in addition to what we have quoted already, said:

"In the present case there was testimony concerning the personal qualities of the deceased and the interest which he took in his family. It was proper, therefore, to charge that the jury might take into consideration the care, attention, instruction, training, advice and guidance which the evidence showed he reasonably might have been expected to give his children during their minority, and to include the pecuniary value thereof in the damages assessed. But there was nothing—indeed there could be nothing—to show the hypothetic injury which might have befallen some unidentified adult beneficiary or dependent next of kin. The ascertained circumstances must govern in every case."

Although the charge given by the trial court in that case did limit the recovery by the minors to the pecuniary benefits they had a reasonable expectation of receiving during minority, and no question was made as to the correctness of that limitation, yet it is significant that the Supreme Court expressly ruled that such a charge was proper.

[6] Appellee in her motion for rehearing makes this further contention, which, however, was not made in her briefs on original hearing.

"The minor children not being, as a matter of law, limited in their damages to the time of their minority, and appellant not having complained in this or the trial court that there was no evidence from which a jury might reasonably infer damages beyond majority, appellant's contention presents merely a question of law, not one of fact, and should have been overruled."

In support of that contention the case of T. & P. Ry. Co. v. Harby, 28 Tex. Civ. App. 24, 67 S. W. 541, by this court, is cited. That was a suit by a parent to recover damages for the death of their minor child, a little girl

4 years old, and in the course of the opinion rendered the following was said:

"Another contention is that the court erred 'in giving the jury the measure of damages,' and in refusing to give the special instruction embodying the true rule. The jury were instructed that, in the event they found for plaintiff, the measure of their damages would be 'the present value of the pecuniary assistance (if any) that the plaintiffs would have received from the said child if it had not been killed;' the contention being that in assessing damages the appellees' right of recovery should have been limited 'to the minority of the child.' As presented, the question is one of law merely, there being no contention in the proposition submitted under the assignments raising this question that there was no evidence authorizing the submission of the trial court's view of the law."

But following that statement the court proceeded to review the evidence introduced, which, it was held, was sufficient to support a recovery for benefits of a pecuniary value which the parents had a reasonable expectation to receive after the child had reached her majority if she had not been killed. And in the opinion authorities were reviewed to show that upon proper proof such damages may be recovered. It may be noted also in this connection that in one of the decisions discussed, H. & T. C. Ry. Co. v. Nixon, 52 Tex. 19, there is a strong intimation that in order to recover such damages there should be proper allegations as well as proof to support the same. Thus it will be noted that, notwithstanding the remark made by the court that the assignment discussed presented merely a question of law, and was insufficient in failing to embody the contention that the evidence was insufficient to support such a recovery, the court did consider the assignment as though it had properly presented that contention, and overruled the same upon its merits, from that standpoint.

As noted in opinion on original hearing, we conclude that the evidence introduced upon the trial of the present suit was insufficient to support a recovery by the minor children of expected pecuniary benefits after they reached their majority. We adhere to that conclusion now. Not only was there an absence of such proof, but there was also an absence in plaintiff's pleadings of any allegations of facts which would have supported a recovery for such expected benefits, even though proof of the same had been made. If the verdict returned and the judgment rendered had specifically shown a recovery for such expected benefits, the same would have been fundamentally erroneous to that extent, because unsupported by either pleading or proof. And the charge given which allowed such a recovery was, to say the least, in the nature of fundamental error, and the assignment presented was sufficient to raise that question, although the same did not specifically present such reasons as a basis therefor. Whitten v.

Whitten, 157 S. W. 277; Davis v. Parks, 157 S. W. 449; Land Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; C., R. I. & G. Ry. Co. v. Pemberton, 106 Tex. 463, 161 S. W. 2, 168 S. W. 126; Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795.

While we noted the fact that at the time appellant objected to the instruction given to the jury the attention of the trial court was also called to the requested instruction containing the limitation upon the measure of damages discussed, to the refusal of which requested instruction error was also assigned, we did not determine whether or not the requested instruction, which covered the whole measure of damages should have been given. The only assignment of error we have sustained is the one addressed to the charge given by the court on the measure of damages, which we have held to be erroneous for the reasons stated.

The motion for rehearing is overruled.

BUCK, J. (dissenting). Upon further consideration, I conclude that the error assigned, and for which on original hearing we reversed the judgment and remanded the cause, is harmless, and did not probably mislead the jury. The three children were awarded a judgment for $10,000. One child was about 8 years old, one 6, and the other 3 at the time of their father's death. The three children would have reached their majority in 13, 15, and 18 years, respectively. The total period of minority would have amounted to 46 years. The amount awarded to the children would have given each child an average of some $217 a year during its minority. There was no pleading nor proof that the children had any reasonable expectation of receiving any financial aid or other pecuniary benefit after they should reach their respective majorities. The special issue complained of limits the finding of the jury to an award which the evidence may show the children, and widow, would have received from the deceased had he lived. Under rule 62a (149 S. W. x), we would not be justified in reversing the judgment unless we were of the opinion that the defendant had been deprived of some which was reasonably calculated to, and probably did, cause the rendition of an improper judgment. Wells Fargo & Co. v. Benjamin, 165 S. W. 121; T. & B. V. Ry. Co. v. Voss, 160 S. W. 666. But it is urged that this case is one involving interstate commerce, and is not controlled by rule 62a, but is controlled by federal statutes and decisions. This is undoubtedly true, but as I understand the rule laid down by the United States Supreme Court, the courts will not reverse a case for an error where it affirmatively appears that no injury resulted to appellant by reason of such error. Deery v. Gray, 5 Wall. 807, 18 L. Ed. 653; Smith v. Shoemaker, 17 Wall. 639, 21 L. Ed. 717; Vicksburg, etc., Ry. Co. v. O'Brien, 119 U. S. 103, 7 Sup. Ct. 172, 30 L.

Ed. 299; Boston, etc., Ry. Co. v. O'Rielly, 158 U. S. 337, 15 Sup. Ct. 830, 39 L. Ed. 1006. Under this rule, I do not think a reversal should be granted. The deceased was a young man, able-bodied and industrious, kind and loving to his family. He gave his wife practically all his earnings, to be spent for the support of the family. The year before his death he earned practically $1,900. He had been promoted to the position of engineer, with increased pay, though at the time of his death, on account of scarcity of work he was serving as a fireman. His wife stated that he never spent on himself to exceed $40 to $50 a month. Then he gave to his family something like $1,350 a year. In the judgment, the wife got as much as the three children. Six hundred and seventy-five dollars a year then may reasonably be considered as the amount of money the children would have received from their father, even at the wages he was receiving when he was killed. The jury allowed them $652. Evidently the jury did not go beyond the evidence and allow the children any amount to cover the time after their majority.

In my opinion, the motion for rehearing should be granted, and the assignment overruled, and the judgment affirmed.