## TEXAS EMPLOYERS' INS. ASS'N v. BIRDWELL et al.

### No. 869.

Court of Civil Appeals of Texas. Eastland.

May 22, 1931.

Rehearing Denied June 12, 1931.

Harry P. Lawther, Shelby S. Cox, Wm. M. Cramer, James P. Swift, and Frank F. Taylor, all of Dallas, and E. V. Hardwick, of Stamford, for appellant.

J. F. Lindsey, of Anson, and Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellees.

HICKMAN, C. J.

This suit was instituted in the court below by appellant against appellees, Mrs. Ella Birdwell and Pauline Birdwell, a minor, to set aside an award of the Industrial Accident Board. The appellees filed their cross-action, alleging that they were respectively the widow and minor child of T. C. Birdwell, deceased; that on or about April 22, 1929, while engaged in the course of his employment with A. C. Fox, appellant's subscriber, said T. C. Birdwell sustained certain personal injuries, from which he died on January 25, 1930; that they were the sole exclusive beneficiaries of said deceased; and appellee, Mrs. Ella Birdwell, for herself and as next friend of the said Pauline Birdwell, prayed for judgment for compensation for 360 weeks in one lump sum. A jury was demanded, and the case submitted on special issues. The answers of the jury to each and all of the special issues being favorable to appellees, judgment was rendered for them accordingly, from which judgment this appeal is prosecuted.

The first question presented is that the court should have given a peremptory instruction in favor of appellant, because the appellees alleged that they were the sole exclusive beneficiaries of T. C. Birdwell, and did not make proof of that fact. The facts developed upon the trial disclose that no children were born to Mr. and Mrs. Birdwell, but that each had children by former marriages. Only one of Mr. Birdwell's children was a minor. She was a party to this suit. Regarding the other children of Mr. Birdwell, Mrs. Birdwell testified as follows:

"Mr. Birdwell did not leave any other minor children other than Miss Pauline here. He left some other children. They are: Mrs. E. M. Spraberry, who lives here in Anson; Mrs. Bonnie Brown, of Odessa, Texas; Mrs. Junie Mayo, of Pampa, Texas; Weldon Birdwell, of Odessa; Cone Birdwell, of Odessa. There were no others but Pauline, and she is a minor child. Mr. Spraberry's initials are E. M. Mrs. Bonnie Brown's husband's initials are 'T. P., I believe. I don't know the initials of Mrs. Mayo's husband, but his given name is Lee.

"All of those people that I have named—five of them—were sons and daughters of Mr. Birdwell."

■ There is no suggestion from any evidence in the record that any of these adults were dependent upon the deceased, and the facts with reference to the income of deceased would indicate that he had no financial ability to render assistance to any of them. These facts and circumstances constitute some evidence that appellees were the sole beneficiaries. None of the adult children resided at the same address where the deceased and appellees lived. All of the adult daughters were shown to be married and living with their husbands, and there is no suggestion that any of them were dependent upon their father. In the administration of justice, it is often necessary to indulge in presumptions. Facts which usually follow given facts may be presumed, in the absence of evidence to the contrary, to be true. There is no legal obligation resting upon a parent to support his adult children, and his obligation to support a daughter ceases upon her marriage.

■■ An adult person is presumed to be in possession of normal faculties of mind and body, and, as said in Hines, Director General of Railroads, v. Walker (Tex. Civ. App.) 225 S. W. 837, 839 (error refused), " * * * in the absence of proof it cannot be presumed that he will continue such support." Had these adult children been parties to this suit and had offered no evidence of dependence further than the facts disclosed in this record, then the evidence would have fallen short of making any case in their favor, for the presumption that their father did not support them could be overcome only by positive proof to the contrary. That presumption operates to afford some evidence in support of appellees' allegation, and the contention in this respect is overruled. Hines v. Walker, supra; St. L., A. & T. Ry. Co. v. Johnston, 78 Tex. 536, 15 S. W. 104, 106; T. & N. O. Ry. Co. v. Mills (Tex. Civ. App.) 143 S. W. 690; Baker v. Adkins (Tex. Civ. App.) 278 S. W. 272.

We do not wish to be understood as indicating that appellant would have been entitled to a peremptory instruction had the evidence disclosed that one or more of these adults were dependents. That question is not before us.

Another group of assignments and propositions present for review the ruling of the trial court on the admissibility of certain evidence. Appellees' counsel propounded to a medical expert a hypothetical case, concluding with this interrogatory: "Remembering those facts just stated in the hypothetical question, remembering those and assuming them to be true, could the injury sustained on April 22nd, 1929, injuring the small of the back, could or could not that be a contributing cause of the man's death on January 25th, 1930?"

The answer to this interrogatory was as follows: "I think the injuries sustained by that man on April 22nd, 1929, could be a contributing cause of that man's death on January 25th, 1930."

Practically the same interrogatory was propounded to another expert witness and a similar answer returned. Another question propounded concluded with this interrogatory: "Assuming these facts to be true for the purpose of your answer, in your opinion, could or could not the injuries, if any, received on April 22nd, 1929, be a precipitating factor in causing his death?"

■■ The only objections made below to this evidence which are presented in this court were that the questions and answers were immaterial and prejudicial, and because, under the Workmen's Compensation Law (Vernon's Ann. Civ. St. arts. 8306–8309), the injuries must have caused the death. An employee under our Workmen's Compensation Law is not required to show that the injuries complained of proximately caused his incapacity. In Texas Employers' Ins. Ass'n v. Lovett (Tex. Civ. App.) 19 S.W.(2d) 397, 400 (error refused), it is said: "The evidence certainly establishes a causal connection between the injury and the death of the employee, which is the test in workmen compensation cases." In Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568, 571, affirmed in (Com. App.) 17 S.W.(2d) 457, the Beaumont court said: "Under our Workmen's Compensation Law, as we understand it, it is not required, in order to a recovery by an employee or his beneficiaries, to show that the injuries complained of proximately caused incapacity or death, and therefore the term 'proximate cause,' as used in ordinary cases of negligence, is not the test by which to determine liability in a case of this character. On the contrary, in order to a recovery in a case of this character, it is only required that it be shown that the injury sustained was an efficient, exciting, or contributing cause." Upon these authorities, and those following, we hold that no reversible error was committed by the

trial court in admitting this evidence. Travelers' Ins. Co. v. Smith (Tex. Civ. App.) 266 S. W. 574; Norwich Union Ind. Co. v. Smith (Tex. Com. App.) 12 S.W.(2d) 558; Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1092.

It is presented that the answer of Dr. N. B. Beaver in his depositions, in response to direct interrogatory No. 21, was not responsive to the question. The question was as follows: "If you have answered the preceding question in the affirmative, then kindly state fully your observations and findings as made from the X-ray pictures which you made of Mr. Birdwell. In this connection, please state fully the significance of your findings and interpret fully the X-ray pictures taken of Mr. Birdwell."

The answer was as follows: "I will read you the report in my files in regard to this case: 'X-ray Report of T. C. Birdwell—August 13th, 1929—Referred by Dr. Ben L. Schoolfield. Question—Pelvis and Lumbar Spine. Anterior Posterior stereograms were made to include the lower spine, the pelvis and the proximal ends of the femeræ; the lumbar vertebræ are normal in position and outline; both sacro-iliac synchondrosis are slightly increased in density. They show consideration evidence of Arthritis; Acetabulæ are clear.'"

There was other testimony concerning these X-ray pictures in the record. Dr. Ben L. Schoolfield, by his deposition, testified that: "In connection with my examination of Mr. Birdwell, X-ray pictures were taken of parts of his body. These pictures were taken on or about August the 12th, 1929, at the office of Dr. N. B. Beaver, of Dallas. The pictures were made by Dr. Beaver and under my direction. The pelvis and lower parts of the spine were the parts of the body so X-rayed."

Dr. Beaver had previously testified in his deposition as follows: "I have made X-ray pictures of some parts of Mr. Birdwell's body. I made X-rays of the lower lumbar spine and of the pelvis. On August 13th, 1929, or within a day or two previous, the X-ray pictures were taken. I am merely giving the date from my record, which is usually one day following the date of the plates. Those X-ray pictures were made at the request of Dr. Ben L. Schoolfield. I made the pictures personally." No objection was made to this testimony.

■ We think this evidence, when taken together, reasonably discloses that the report from which the witness was reading was made by him from his own notes and observations made in interpreting the X-ray pictures. These notes having been made at about the time the pictures were made, we can see no objection to his referring to them and copying them as a part of his answer. This witness had no personal recollection of the man, and testified only as an expert from his own records. Some latitude must necessarily be indulged in favor of the admissibility of evidence of this character, and it would be a too strict construction of the rules of evidence to reverse a judgment on account of the admission of this evidence.

■ The question of the sufficiency of the evidence to support the findings of the jury is presented. We have frequently had for consideration similar questions in cases under the Workmen's Compensation Law. Were we to weigh the expert testimony as it appears in the record before us, we would probably arrive at the conclusion that the preponderance thereof is against the verdict. But there is expert testimony in support of it, and there are facts and circumstances and testimony from nonexpert witnesses which the jury has weighed, and which, if believed, reasonably support the verdict. It is impossible for us to know what was the cause of this man's death. He received a serious injury while in the course of his employment; later he died. We cannot say that his death was not the result of the injury. The verdict is not manifestly wrong. There is more evidence supporting the findings in this case than there was in the cases of Texas Indemnity Ins. Co. v. Preslar (Tex. Civ. App.) 298 S. W. 666, and Texas Employers' Ins. Ass'n v. Clark (Tex. Civ. App.) 23 S.W.(2d) 405, in each of which cases we overruled assignments complaining of the sufficiency of the evidence. It may be true that an injustice is sometimes done by verdicts of juries which refuse to follow the opinions of the best medical experts, but a greater injustice would probably be done were we to adopt the practice of reversing cases merely on the ground that, from the cold record presented to us, it would appear that a preponderance of expert testimony is contrary to the findings. Our province, it is wisely held, does not extend that far. We therefore overrule the assignments challenging the sufficiency of the evidence.

There is no reversible error pointed out in the brief, and no fundamental error appears on the face of the record.

The judgment of the trial court will therefore be affirmed.