Ethel BYRNE, Appellant,

v.

Richard Frank BYRNE, Appellee.

No. 3997.

Court of Civil Appeals of Texas.

Eastland.

Nov. 5, 1965.

DeWitt Wolfe, Houston, for appellant.

M. Gabriel Nahas, Jr., and Bert E. Derden, Houston, for appellee.

COLLINGS, Justice.

Ethel Byrne brought this suit against Richard Frank Byrne seeking a divorce, custody of two children, one of whom is a minor child under the age of eighteen years and the other an unmarried child born March 17, 1943, alleged to be mentally unsound and to require custodial care. It was further alleged that said child cannot adequately take care of or provide for himself and has no personal estate or income sufficient to provide for his reasonable and necessary care. Plaintiff sought judgment requiring the defendant to pay $200.00 per month for permanent support of said children. Upon a trial before the court without a jury, judgment was entered granting the plaintiff a divorce, as prayed, granting plaintiff custody of the minor child, Kathleen Susan Byrne, and the defendant was ordered to contribute $100.00 per month

for the support and maintenance of said minor child. There was no specific provision in the judgment concerning the requested support for the adult unmarried child who was alleged to be physically and mentally unsound and unable to care for himself. The court did make findings of fact and conclusions of law to the effect that Richard Frank Byrne, III, a boy born March 17, 1943 and unmarried, was not physically or mentally unsound so as to require custodial care and that said child could adequately take care of and provide for himself and, although without personal estate could earn sufficient income to provide for his reasonable and necessary care. Mrs. Ethel Byrne has appealed.

■ Appellee, Richard Frank Byrne, has filed a motion to dismiss the appeal. He urges that the judgment is not a final judgment within the meaning of Rule 301 of the Texas Rules of Civil Procedure because he contends it fails to dispose of the issue of fact raised by appellant Ethel Byrne in her original petition in which she sought support for the child Richard Frank Byrne, III. We cannot agree with appellee's contention that this judgment is not final and appealable. In 4 C.J.S. Appeal and Error § 95 c, at page 276, it is stated as follows:

"A judgment or decree may be final and appealable as disposing of all the issues by reason of an implied adjudication; and it has been held that where two causes of action are stated in the pleadings and put in issue at the trial, and the judgment awards a recovery on one but is silent as to the other, such judgment is prima facie an adjudication that plaintiff was not entitled to recover on the other cause."

In De Zavala v. Scanlan, (Tex.Com. App.), 65 S.W.2d 489, it was held that a judgment disposing of all parties and issues by necessary implication, though not expressly, is final. Although the judgment in the instant case is silent concerning a disposition of the issue presented by appellant's claim of support for the alleged incompetent child, we are of the opinion that such issue was disposed of in the judgment by implication. The judgment specifically granted some of the relief sought by appellant and by ignoring it denied by implication her claim for support of the alleged incompetent child. Webb v. National Standard Fire Insurance Company, Tex. Civ.App., 179 S.W.2d 587; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161.

Appellant urges three points contending that the Court (1) erred in finding that Richard Frank Byrne, III, is not physically or mentally unsound so as to require custodial care, (2) erred in finding that Richard Frank Byrne, III, can adequately take care of and provide for himself and although without personal estate can earn sufficient income to provide for his reasonable and necessary care, and (3) erred in holding that Richard Frank Byrne, III, is not such a child as contemplated by Article 4639a–1, Vernon's Ann.Tex.Civ.St., for the purpose of enforcing support payments for him.

Article 4639a–1, V.A.T.C.S., provides as follows:

"In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and requires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no personal estate or income sufficient to provide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce support payments for such child, whether a minor or not, subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may re-

quire and in the manner required by law."

■ Except for the above statutory provisions a parent ordinarily is under no legal obligation to provide support for his adult child. Texas Employers' Insurance Association v. Birdwell, Tex.Civ.App., 39 S.W.2d .159. The court found in effect that the adult son of the parties does not have a personal estate or income sufficient to provide for his reasonable and necessary care, and there is no contention to the contrary. The question for determination under appellant's points is whether contrary to the finding of the court Richard Frank Byrne, III, is a child physically or mentally unsound requiring custodial care and a child who cannot adequately take care of and provide for himself as contemplated by Article 4639a–1.

The parties through their attorneys agreed that the written reports of two psychologists, one chosen by each of the parties, would be admitted by stipulation as expert testimony regarding the boy's condition. The psychologist called by appellant testified in effect that in her opinion Richard Frank Byrne, III, is employable as long as he accepts positions requiring unskilled labor and that although such child is moderately mentally retarded there were no indications that emotional problems might be hampering his mental functioning. She stated that the boy's intellectual level precludes job performance on any but the most undemanding and uncomplicated types and that even then pressure might serve to disorganize him. The psychologist for appellee testified that in his opinion Richard Frank Byrne, III, is mentally defective in the mild range but that he shows no severe or acute signs of mental or emotional illness; that his pattern of intellectual impairment strongly suggests the presence of some organic damage in the brain; that his

intellectual level precludes job performance on any but the most undemanding and uncomplicated types, but that pressure might serve to disorganize him; that his intellectual level indicates educability, so that it is possible for him to be trained in some specific skill consistent with his ability. The psychologist further stated the opinion that whatever disturbance is noted is slight and in no way excessive for his life situation; concerning employment ability this psychologist recommended a referral to the vocational guidance service where placement or training or both can be considered.

■ The judgment by implication held and found that Richard Frank Byrne, III, is not a child so physically or mentally unsound as to require custodial care and is not a child which cannot adequately take care of and provide for himself as contemplated by Article 4639a–1, supra. The findings of fact and conclusions of law filed by the court are to the same effect. In our opinion such findings are amply supported by the evidence, and the conclusion of law is in accord with the statute. Both psychologists stated in effect that in their opinion Richard Frank Byrne, III, was employable as long as his work was limited to positions requiring unskilled labor, and limited to undemanding and uncomplicated types. The record does not conclusively establish that Richard Frank Byrne, III, is so physically or mentally unsound as to require custodial care, and that by reason of his mentally retarded condition he is incapable of providing for the necessities of life by obtaining employment. In this state of the record it is our opinion that the court did not err, or abuse its discretion, in refusing to require and enforce support payments provided for by the statute. Appellant's points are overruled.

The judgment is affirmed.