Carol BLACK, Appellant,

v.

Siegfred Jay WILEMON, Appellee.

No. 18919.

Court of Civil Appeals of Texas, Dallas.

July 15, 1976.

Robert W. McLaughlin, Dallas, for appellant.

W. Mike Baggett, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Carol Black appeals from an order of the Domestic Relations Court Number Three of Dallas County, Texas, dismissing her action for want of jurisdiction. We reverse and remand.

On July 27, 1973, a decree of divorce was rendered by the Domestic Relations Court Number Two of Dallas County, Texas, which dissolved the marriage of Carol Lynn Wilemon (now Carol Black) and her husband Siegfred Jay Wilemon. The judgment expressly approved and incorporated into itself by reference a property settlement agreement executed by the parties and which contained provisions relating to division of community property and support and maintenance of the two minor children of the parties. After setting forth specifically the division of the properties between the parties, the agreement sets forth in detail the child support payments to be made by the father of the children each month. It was then agreed that on or before two years from the entry of the judgment that the father would cause to be created two separate trust funds for the use and benefit of the children for their college education. The father agreed that after the two-year period on the birthdate of each child he would pay into said trust fund the sum certain for each child so that by the time each child had attained the age of

eighteen years, the child would have an accumulated sum of $5,000 for his use and benefit in attaining college education. The agreement then stated that all obligations were contractual and binding upon the father until his death.

On October 30, 1975, Carol Black filed an action entitled "Motion to Enforce Property Settlement Agreement" which was assigned to the Domestic Relations Court Number Three of Dallas County, Texas, in accordance with the administrative procedures followed by the District Clerk. In her petition Carol Black makes no complaint against her former husband Siegfred Jay Wilemon concerning periodic payment of child support. She alleges that in compliance with the agreement to set up certain trust funds for the education of the children Wilemon had opened two savings accounts but he had refused her request: (1) To place her name as a signatory on the savings account; (2) to enter into an agreement that if either signatory died, the surviving signatory would control the funds alone in accordance with the property settlement agreement; (3) to allow her to be the only person to have the right to withdraw funds from the savings account of the child who had graduated from high school; and (4) to agree to purchase term or life insurance in an amount equal to the balance of the savings account in the event the father should die prior to the graduation from high school of the minor children.

In a separate count of her petition Carol Black alleges that Wilemon had kept in his possession and had refused to deliver one freezer and two paintings as required by the property settlement agreement. She prays that the agreement be modified to incorporate the terms requested by her and that the former husband be required to deliver the items of personal property.

Wilemon answered the action with a plea that it should be dismissed because the court had no jurisdiction. Thereafter the court entered an order sustaining the plea and dismissing the suit.

■ The action filed by appellant Black is one for the enforcement, specific performance, and modification of a contractual agreement which was incorporated in a judicial decree dealing with divorce and child custody and support. A consent judgment has the same degree of finality and binding force as one rendered by a court at the conclusion of an adversary proceeding. *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234, 239 (1961). An agreed judgment must be interpreted as if it were a contract between the parties and the interpretation is governed by the laws relating to contracts, rather than the laws relating to judgment. *Ex parte Jones*, 163 Tex. 513, 358 S.W.2d 370, 375 (1962). Thus, the controlling question is whether a domestic relations court may entertain an action to enforce or modify a contractual agreement incorporated and approved in its order.

Both parties agree that the district court would have subject matter jurisdiction, but Wilemon argues that the domestic relations court does not have subject matter jurisdiction because the action is primarily for the modification of a contractual agreement embodied in the property settlement, and this contractual agreement is not included within the definition of child support payments as alleged by Black.

■ Although we agree with Wilemon that the contractual agreement creating the trust is not included within the classification of child support payments, we cannot agree with his contention that the district court has exclusive subject matter jurisdiction. The property settlement agreement contemplates that the trust funds created therein should only be used after the child has reached the age of eighteen years and enrolls in an institution of higher education. The child will have become an adult, and the trust corpus cannot be considered as child support payments since there is no legal obligation resting upon a parent to support his adult children except under certain circumstances which are not applicable in this case. *Texas Employers Insurance Ass'n v. Birdwell*, 39 S.W.2d 159, 160 (Tex. Civ.App.—Eastland 1931, writ ref'd); *Byrne v. Byrne*, 398 S.W.2d 432, 434 (Tex. Civ.App.—Eastland 1965, no writ); and *Du*

*Pre v. Du Pre,* 271 S.W.2d 829, 831 (Tex.Civ. App.—Dallas 1954, no writ). Neither Tex. Rev.Civ.Stat.Ann. art. 4639a (Vernon Supp. 1975), which was in effect at the time of the divorce decree but was subsequently repealed, nor Tex. Family Code Ann. § 14.06 (Vernon 1975), which provides for child support, are controlling in this case. Therefore, this cannot be an action for modification or change of a child support order under Tex. Family Code Ann. § 14.08 (Vernon 1975).

The jurisdiction of Domestic Relations Court Number Three of Dallas County is defined in Tex.Rev.Civ.Stat.Ann. art. 2338–9b § 5 (Vernon 1971) which states:

> Said Court of Domestic Relations No. 3 shall have jurisdiction *concurrent* with the *District Courts* and Courts of Domestic Relations situated in said county of all cases involving . . . divorce and marriage annulment cases, including the adjustment of property rights and custody and support of minor children involved therein . . . and *all other cases involving justiciable controversies and differences between spouses,* or *between parents,* or between them or one of them, or their minor children, or between any of these and third persons, corporations, trustees or other legal entities, which are now, or may hereafter be, within the jurisdiction of the District or County Courts . . . . All cases enumerated or included above may be instituted in or transferred to said court. [Emphasis supplied]

Thus by statutory authority the Domestic Relations Court Number Three of Dallas County, Texas, has concurrent jurisdiction with the district courts to entertain actions in contracts arising from divorce decrees and contractual property settlement agreements included therein. We hold that under the facts alleged in this case that the action was one which involved justiciable controversies included in the statute granting jurisdiction to the Domestic Relations Court Number Three, concurrent with the jurisdiction of a district court, and therefore, it was error for the Domestic Rela-

tions Court Number Three to decline to hear the action. We express no opinion, however, on the question of whether the facts alleged, if proved, would entitle appellant Black the ruling sought. That question must be decided by the trial court.

We hold that the Domestic Relations Court Number Three of Dallas County, Texas, had subject matter jurisdiction of this cause and should have retained jurisdiction thereof or, under the Dallas court rules as authorized by Tex.R.Civ.P. 817 should have exercised the option of transferring the case to the Domestic Relations Court Number Two from which the original divorce decree was issued.

The judgment is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.